No. 59,735
No. 59,738
No. 60,143
No. 60,187
(Consolidated)

NORTHWEST CENTRAL PIPELINE CORPORATION, n/k/a WILLIAMS NATU-
RAL GAS COMPANY, *Petitioner-Appellant,* v. THE STATE CORPO-
RATION COMMISSION OF THE STATE OF KANSAS, MICHAEL LENNEN,
Chairman, MARGALEE WRIGHT, Commissioner, KEITH R. HEN-
LEY, Commissioner, and their respective successors in office,
as members of the State Corporation Commission, *et al.,*
*Respondents-Appellees.*

(735 P.2d 241)

Opinion
filed March 27, 1987.

*Mark H. Adams, II*, of Adams & McCarthy, of Wichita, argued the cause, and *J. D. Steelman, Jr.*, associate general counsel, of Northwest Central Pipeline Corporation, of Tulsa, Oklahoma, was with him on the briefs for petitioner.

*Kirby A. Vernon*, assistant general counsel, argued the cause, and *Brian J. Moline*, general counsel, Kansas Corporation Commission, was with him on the brief for respondents.

*John C. Lovett*, of Cities Service Oil and Gas Corporation, of Tulsa, Oklahoma, and *Stanford J. Smith* and *Stanford J. Smith, Jr.*, of Robbins, Tinker, Smith & Metzger, of Wichita, were on the briefs for appellee Cities Service Oil and Gas Corporation.

*Steven D. Gough* and *Alan R. Pfaff*, of Kahrs, Nelson, Fanning, Hite & Kellogg, of Wichita, were on the briefs for appellee Amoco Production Company.

*N. E. Maryan, Jr.*, of Mobil Oil Corporation, of Denver, Colorado, and *Jerome E. Jones*, and *Patricia A. Gorham*, of Hershberger, Patterson, Jones & Roth, of Wichita, were on the briefs for intervenor Mobil Oil Corporation.

*Neil O. Bowman*, of Mesa Operating Limited Partnership, of Amarillo, Texas, *J. A. Hannah*, of Tenneco Oil Company, of Oklahoma City, Oklahoma, and *Richard C. Byrd*, of Anderson, Byrd & Richeson, of Ottawa, were on the brief for intervenors Mesa Operating Limited Partnership and Tenneco Oil Company.

The opinion of the court was delivered by

McFARLAND, J.: This consolidated case involves four appeals filed by Northwest Central Pipeline Corporation (Northwest Central) in cases where judicial review was being sought of certain actions by the Kansas Corporation Commission (KCC) relative to infill drilling in the Kansas Hugoton Field. Each of the four appeals was dismissed on procedural grounds by the respective district court and Northwest Central appeals therefrom.

### CHRONOLOGY OF EVENTS

| | |
|---|---|
| July 31, 1984 | — Cities Service Oil and Gas Corporation filed application with KCC to amend its basic proration order to permit infill drilling in the Kansas Hugoton Field. |
| April 24, 1986 | — KCC order filed permitting infill drilling. |

| | |
|---|---|
| May 5-8, 1986 | — Various motions for rehearing filed by interested parties including Northwest Central. |
| May 15, 1986 | — KCC grants rehearing, permitting introduction of additional evidence only on some issues. |
| May 22, 1986 | — Panhandle Eastern Pipe Line Company files motion with KCC seeking clarification of May 15, 1986, order relative to whether, for judicial review purposes, certain portions of the April 24, 1986, order were final orders. |
| May 27, 1986 | — KCC order filed relative to May 22, 1986, motion in which KCC states no part of the April 24, 1986, order is a final order. |
| June 16, 1986 | — Northwest Central files actions in Shawnee County and Gray County district courts seeking judicial review of KCC's order of April 24, 1986, permitting infill drilling (appeal Nos. 59,735 and 59,738). |
| July 18, 1986 | —KCC's order on rehearing filed at 1:15 p.m. which triggered the following filings on the same date: (1) Southwest Kansas Royalty Owners Association files for judicial review in Stevens County District Court at 1:16 p.m. (2) Northwest Central files for judicial review in Shawnee County District Court at 2:22 p.m. (appeal No. 60,187). |
| July 31, 1986 | — Northwest Central files motion with KCC seeking rehearing on the July 18, 1986, order on rehearing. |
| August 6, 1986 | — (1) Rehearing of rehearing order denied by KCC. (2) Northwest Central files an action in Shawnee County District Court seeking |

judicial review of all KCC orders relative to the Cities Service application for infill drilling including denial of Northwest Central's "rehearing of rehearing" motion.

The above listing provides the basic sequence of events involved in the consolidated appeals herein. Additional facts will be stated as needed for discussion of particular issues.

ISSUE I. DID THE RESPECTIVE DISTRICT COURTS ERR IN DISMISSING EACH OF THE FOUR ACTIONS HEREIN ON PROCEDURAL GROUNDS?

APPEAL NOS. 59,735 and 59,738

These two petitions for judicial review were filed the same day (June 16, 1986) in the Shawnee and Gray county district courts (86-C-849 and 86-C-24 respectively) and are essentially identical. In each case the action was dismissed on the ground it was premature. More particularly, the courts held that the KCC's April 24, 1986, order was not a final order by virtue of the granting of the rehearing on May 15, 1986, as clarified by the May 27, 1986, KCC order. As the application was still pending before the KCC, no final agency action had been taken. Northwest Central contends, alternatively, that:

1. The April 24, 1986, order was final as to all matters upon which the KCC did not permit the introduction of additional evidence upon rehearing.

2. The failure of the KCC to permit additional evidence on all aspects of the original order upon rehearing rendered the granting of rehearing a nullity, thereby making the April 24, 1986, order a final agency action.

Neither contention has any merit. The effect of the first contention would be to allow piecemeal judicial review of the KCC actions on matters before it. Assume an order covers ten issues. The KCC then has second thoughts or reservations concerning its determination on the first issue and grants rehearing for the purpose of hearing additional evidence and argument on that issue. Intervenor A might not like the determination of issue two and seeks judicial review thereof. Intervenor B might not like what the KCC did on issue four and seeks judicial review

thereof, and so on. The result would be piecemeal judicial review actions pending in various courts while the KCC is still concerned with the rehearing of its order. Obviously, the KCC would be limited on the rehearing to the first issue and would be unable to modify any other part of its original order even if a modification of the first issue would necessitate modification of other parts of the original order. The result would be a procedural nightmare that would seriously diminish the KCC's ability to function. There is no statutory authority for piecemeal judicial review of the KCC order herein. The parties concede that judicial review of the KCC's action herein can only be had by filing a petition for judicial review within 30 days after a final order has been entered. The specific statutes relative to judicial review will be discussed in a later issue. The question before us in this issue is when the agency action, or parts thereof, became final.

The alternative contention that the failure of the KCC to throw the door open to additional evidence on all issues rendered the granting of the rehearing a nullity is equally untenable. The issues raised by the application were complex and the hearing thereon lasted some 56 days, involving over 100 witnesses and 12,000 pages of transcript. The May 15, 1986, order stated the KCC had enough evidence in all but limited areas and limited new evidence to those areas. There is nothing weird about such a limitation. To hold otherwise could have greatly delayed final determination of the application for no useful reason. Appellate courts frequently limit submission on rehearing which focuses attention on the area of concern. This does not result in the balance of the appellate opinion becoming final or the granting of the rehearing a nullity.

The order of May 15, 1986, granting rehearing caused the April 24, 1986, order in its totality not to be a final agency action. The May 27, 1986, order clarifying the order granting rehearing merely spelled out that which was inherent in the May 15, 1986, order—namely, that no part of the April 24, 1986, order was a final agency action. Hence, no judicial review of any portion of the April 24, 1986, order (or the order of May 15, 1986, granting rehearing) was permissible until the order on rehearing was filed (July 18, 1986). The district courts involved in these two appeals were clearly correct in dismissing these two actions for judicial

review filed on June 16, 1986, as being premature on the grounds no final order of agency action had been taken.

## APPEAL NO. 60,187

On July 18, 1986, at 1:15 p.m. the KCC entered its order upon rehearing. At 1:16 p.m. the same day, Southwest Kansas Royalty Owners Association filed an action in Stevens County District Court (86-C-30) seeking judicial review thereof. The Stevens County case is not before us. At 2:22 p.m. of the same day, Northwest Central filed its action for judicial review in Shawnee County District Court (86-C-1010). This case was dismissed on the ground the Stevens County District Court had first acquired jurisdiction. This determination is in accord with K.S.A. 1986 Supp. 55-606(a) which provides that an "action for review shall be brought in the district court having venue and *first acquiring jurisdiction of the matter.*" Clearly, the Stevens County District Court action was filed prior to the Shawnee County action and thus Stevens County first acquired jurisdiction as between these two petitions. Northwest Central does not argue that its July 18, 1986, appeal (86-C-1010) is prior to the Stevens County case. Rather, it contends one or more of its other three petitions for judicial review was or were proper and that July 18, 1986, was not a legally permissible time for seeking judicial review. Under no theory of Northwest Central would its July 16, 1986, petition *for judicial review be valid, but it has appealed from its dismissal* (60,187) apparently as a matter of routine procedure.

We find no error in the district court's dismissal of Northwest Central's July 18, 1986, petition for judicial review.

## APPEAL NO. 60,143

The KCC entered its order on rehearing on July 18, 1986. On July 31, 1986, Northwest Central filed a motion seeking rehearing on the rehearing order. This motion was denied by the KCC on August 6, 1986. Northwest Central filed for judicial review in Shawnee County on the same day (86-C-1084). The district court dismissed the petition on the ground that jurisdiction lay in Stevens County in case No. 86-C-30 filed July 18, 1986. Northwest Central appeals from said dismissal in appeal No. 60,143.

Northwest Central contends that, inasmuch as the KCC's July 18, 1986, order on rehearing substantially modified its April 24,

1986, order that it had the duty to seek modification thereof via a motion for rehearing and that the time for judicial review did not commence until the motion was denied on August 6, 1986.

In support of its position, Northwest Central cites K.S.A. 1986 Supp. 66-118b, which provides in pertinent part:

"No cause of action arising out of any order or decision of the commission shall accrue in any court to any party unless such party shall make application for a rehearing as herein provided. Such application shall set forth specifically the ground or grounds on which the applicant considers such order or decision to be unlawful or unreasonable. No party shall, in any court, urge or rely upon any ground not set forth in the application. *An order made after a rehearing, abrogating, changing or modifying the original order or decision, shall have the same force and effect as an original order or decision, including the obligation to file an application for rehearing, as provided in this section, as a condition precedent to filing an action for review thereof."* (Emphasis supplied.)

The difficulty with applying this statute is that K.S.A. 1986 Supp. 66-118b applies to KCC proceedings involving public utilities. The proceedings herein are not brought under the act of which K.S.A. 1986 Supp. 66-118b is a part. The statutory requirement of seeking a rehearing of a rehearing order is not contained in the judicial review statutes applicable herein. K.S.A. 1986 Supp. 55-606 provides in pertinent part:

"(a) Any action of the commission pursuant to K.S.A. 55-601 through 55-609, and amendments ·thereto, is subject to review in accordance with the act for judicial review and civil enforcement of agency actions. *The action for review shall be brought in the district court having venue and first acquiring jurisdiction of the matter.* Notwithstanding the provisions of K.S.A. 77-622 and amendments thereto, the authority of the court shall be limited to a judgment either affirming or setting aside in whole or in part the agency action.

"(b) *Before any action for judicial review may be brought by a person who was a party to the proceeding* resulting in the agency action, a *petition for rehearing shall first be filed with the commission* within 10 days from the date of the agency action in question. The rehearing shall be granted or denied by the commission within 10 days from the date the petition is filed and if not granted within 10 days it shall be taken as denied. If a rehearing is granted the matter shall be set for hearing as promptly as convenient and shall be determined by the commission within 30 days after it is submitted.

"An action for judicial review may be brought by any person aggrieved by the agency action, whether or not such person was the applicant for rehearing. If no petition for rehearing is filed, any person aggrieved by the agency action who was not a party to the proceeding before the commission may bring an action for judicial review of such agency action.

"(c) Any action for review pursuant to this section shall have precedence in

any court and on motion shall be advanced over any civil cause of different nature pending in such court. In any such action, a county abstract may be filed by the commission or any other interested party." (Emphasis supplied.)

K.S.A. 1986 Supp. 55-606 refers to the act for judicial review and civil enforcement of agency actions, K.S.A. 77-601 *et seq.* K.S.A. 1986 Supp. 77-613(b) provides:

"A petition for judicial review of an order is not timely unless filed within 30 days after service of the order, but the time is extended during the pendency of the petitioner's timely attempts to exhaust administrative remedies."

Northwest Central argues that its motion for rehearing of the rehearing order was a timely attempt to exhaust its administrative remedies and it had 30 days after the denial thereof to seek judicial review. Under this logic, Northwest Central contends it can nullify the effect of its loss of the July 18, 1986, footrace to the courthouse by simply filing another motion for rehearing. This is an unreasonable position to assume. The act for judicial review, of which K.S.A. 1986 Supp. 77-613(b) is part, is a broad act covering all manner of agency actions, the vast bulk of which concern one party's dealings with an agency. In the matter before us, a large number of parties intervened in the proceeding on the Cities Service application seeking amendment of its basic proration order to permit infill drilling. A major policy of the KCC was at issue, the determination of which would have far-reaching effects on the production of natural gas in Kansas. K.S.A. 1986 Supp. 55-606 establishes the procedure by which rehearing of the order herein may be obtained and does not authorize a rehearing on a rehearing. The July 18, 1986, order on rehearing was a final order and the Stevens County District Court acquired jurisdiction of the judicial review thereof on July 18, 1986, pursuant to K.S.A. 1986 Supp. 55-606(a). Northwest Central has sought and received permission to intervene in the Stevens County action and obtain judicial review of all or any portion of the first KCC order.

We conclude the Shawnee County District Court properly dismissed 86-C-1084 on the ground the Stevens County District Court had first acquired jurisdiction of the matter in issue.

ISSUE NO. 2. WERE NORTHWEST CENTRAL'S DUE PROCESS RIGHTS VIOLATED BY THE PROCEDURES HEREIN?

This issue is an amalgam of complaints concerning what Northwest Central perceives to be egregious treatment it has received from the KCC. In its lachrymose recital of the KCC's actions herein, Northwest Central contends its due process rights have been violated. The logic of Northwest Central's argument is, however, difficult to follow. Northwest Central does not contend it was in any manner restricted or deprived of the opportunity for full hearing before the KCC prior to the entry of the KCC's order of April 24, 1986. The shabby treatment complaints all arise in connection with the granting of the rehearing and Northwest Central's untimely petitions for judicial review. Northwest Central contends, in essence, it had a right to have the KCC review all issues on rehearing and that the KCC only reviewed certain issues. There is no right to a rehearing—the granting or denial of a rehearing is discretionary with the KCC. Under its order granting rehearing, the KCC could have changed any part of its April 24, 1986, order although the introduction of additional evidence and subsequent oral argument was limited to certain areas. Northwest Central has no due process right to have all issues reviewed on rehearing before the KCC.

As far as judicial review is concerned, such review is statutory. There is no due process right for each interested party to have judicial review in the district court of each party's choice. Judicial review was obtained in the Stevens County District Court as the court first acquiring jurisdiction under K.S.A. 1986 Supp. 55-606(a). Northwest Central does not contend that it was limited in any way from full participation therein.

We conclude this issue is without merit.

The judgments are affirmed.

LOCKETT, J., concurs in the result.