No. 46,851

THE KANSAS COMMISSION ON CIVIL RIGHTS, *Appellee*, v. THE CITY OF TOPEKA STREET DEPARTMENT, *Appellant*.

(511 P. 2d 253)

Opinion filed June 9, 1973.

*Robert E. Hoffman*, assistant city attorney, argued the cause, and *Dan E. Turner*, city attorney, was with him on the brief for the appellant.

*Dennis Moore*, assistant attorney general, argued the cause, and *Vern Miller*, attorney general, and *Jack N. Williams*, assistant attorney general, were with him on the brief for the appellee.

The opinion of the court is delivered by

FONTRON, J.: This action is brought by the Kansas Commission on Civil Rights against the Topeka Street Department to enforce an order entered by the commission. The district court ordered the street department to comply with the order and the department has appealed. We shall refer to the parties as the commission on the one hand, and the department on the other.

There is little or no dispute as to the facts. In the waning days of October, 1969, three employees of the street department were discharged. Shortly thereafter these employees filed complaints against the city charging it with discriminatory acts in violation of the Kansas Act Against Discrimination, hereafter referred to as the Act.

A public hearing was eventually held on the complaints filed by the employees and on March 20, 1971, the commission issued findings to the effect that the complainants were discharged arbitrarily because of their race and that the street department maintained a discriminatory pattern of employment. The commission ordered the department to offer the complainants their former positions, to pay them their back pay and to cease its discriminatory employment practices.

On March 26, 1971, the department filed an application for rehearing and requested permission to present oral argument on the merits of the application. The commission took no action on the application for rehearing or on the department's request for oral argument, although it would appear from an affidavit included in the record that the request was repeated more than once.

The present action was filed June 3, 1971, no appeal having been taken by the department from the commission's order of March 20. In its answer filed June 7, 1971, the department asked that it be permitted to file its appeal from the order of March 20, 1971, and this request was renewed in an amended answer filed June 24.

At this point it becomes our responsibility to mention certain statutory provisions which are material to the case at hand. K. S. A. 44-1010 provides in pertinent part:

"Any party being dissatisfied with any order or decision of the commission may, within ten (10) days from the date of the service of such order or decision, apply for a rehearing in respect to any matter determined therein; the application shall be granted or denied by the commission within ten (10) days from the date same shall be filed, and if the rehearing be not granted within ten (10) days it shall be taken as denied. If a rehearing be granted the matter shall be determined by the commission within thirty (30) days after the same shall be submitted. . . ."

Likewise pertinent to our discussion is that portion of K. S. A. 1972 Supp. 44-1011, reading as follows:

"The attorney general, county attorney or any person aggrieved by an order made by the commission may obtain judicial review thereof in the said court by filing with the clerk of said court within thirty (30) days from the date of service of the order, a written appeal praying that such order be modified or set aside. . . ."

The department does not question the authenticity of either statutory provision, and it concedes that no effort was made to appeal from the March 20 order until June 7, 1971, some seventy-eight days after the order was made. The department excuses its failure to attempt an earlier filing of its appeal on the ground that the commission did not follow its own rule, K. A. R. 21-22-17, which reads:

"When the commission denies an application for rehearing it shall so notify in writing the party making such application and all other persons served with a copy of the application in conformity with the provisions of 21-22-13. Such notice may, in the discretion of the hearing commissioners, set forth the reason(s) why the application was denied and shall include a notice of the statutory right to judicial review. Such notice shall be delivered by certified mail, return receipt requested, by regular mail or by personal delivery."

The position assumed by the department is that it relied on the provisions of the foregoing regulation and was thereby prejudiced; that an administrative agency having rule making power, as the commission has in this case under K. S. A. 1972 Supp. 44-1004(3), cannot ignore or violate its own rules to the prejudice of a party involved in proceedings pending before it; that the commission is estopped to take a position inconsistent with its own regulations; that an action taken by the commission is void until it complies with its own rules and the statute of limitations is tolled in this case until such time as the department is afforded an opportunity to present oral argument on its application for rehearing.

On the other hand, the commission contends it did not violate or ignore rule 21-22-17; that an application for rehearing may be denied in either one of two ways: (1) by operation of law under K. S. A. 44-1010 when the commission fails to grant a rehearing within ten days after the application is filed and (2) by positive action taken by the commission itself; that the provisions of K. A. R. 21-22-17 become applicable only when the commission denies a rehearing within the ten-day period and not where a denial takes place as a matter of law resulting from the commission's inaction.

The trial court ruled that the commission's failure to grant a

rehearing within ten days after application therefor was filed constituted a denial of a rehearing by virtue of K. S. A. 44-1010; that K. A. R. 21-22-17 must be read in connection with the statute; that notice of the denial of an application for rehearing is not mandatory notwithstanding the word "shall" is used in the regulation; and that since the department failed to appeal within thirty days as provided in K. S. A. 1972 Supp. 44-1011, the court was without jurisdiction to entertain the attempted appeal. Judgment was accordingly entered for enforcement of the commission's order.

In our opinion the city's position is not tenable and cannot be sustained, even though we agree with the salutary rule that in general an administrative agency cannot violate its own rules and regulations with impunity. Agreement with this general proposition was clearly indicated by this court in *Cities Service Gas Co. v. State Corporation Commission*, 201 Kan. 223, 440 P. 2d 660. We have no quarrel with the authorities cited by the department which support the principle that in those instances where an administrative agency fails to follow its own rules, its orders are unlawful. (*Clairborne v. Coffeyville Memorial Hospital*, 212 Kan. P. 2d 315, 510 P. 2d 1200.)

But the rule is subject to an important qualification: the regulation adopted by the administrative agency must lie within its competence to make; an administrative regulation may not contravene or nullify a controlling statutory enactment. In 1 Am. Jur. 2d, Administrative Law, § 126, p. 937, this underlying principle is phrased in these terms:

"Some cases expressly recognize that the rulemaking power which may be conferred is the power to make reasonable rules and regulations, not inconsistent with law, and subject to the implied constitutional limitation that the administrative agency must not legislate. The delegation of power to make rules and regulations cannot extend to the making of rules which subvert the statute reposing such power, or which are contrary to existing laws, or which repeal or abrogate statutes."

Illustrations of this principle are not wanting in the general case law of this country. In *Kettell v. Johnson & Johnson*, 337 F. Supp. 892, a case which incidentally involved the federal Civil Rights Act, the court expressed the rule in this fashion:

"Where administrative regulations go beyond any legitimate interpretation of a statute they must fall so that the true Congressional intent may be vindicated. Neither the courts nor administrative agencies are free to substitute their own standards—even though they deem them superior—for the standard imposed by the legislative act. . . ." (p. 895.)

Similarly, in *Harris v. Alcoholic Bev. etc. Appeals Bd.*, 228 C. A. 2d 1, 39 Cal. Rptr. 192, the California court said:

"In the absence of valid statutory authority, an administrative agency may not, under the guise of a regulation, substitute its judgment for that of the Legislature. It may not exercise its sublegislative powers to modify, alter or enlarge the provisions of the legislative act which is being administered. . . ." (p. 6.)

Kansas adheres to this rule. In *State, ex rel., v. Columbia Pictures Corporation*, 197 Kan. 448, 454, 417 P. 2d 255, we said:

". . . The power to adopt rules and regulations is administrative in nature, not legislative, and to be valid, must be within the authority conferred. An administrative rule and regulation which goes beyond that which the legislature has authorized, which is out of harmony with or violates the statute, or which alters, extends, limits or attempts to breathe life into the source of its legislative power, is said to be void. . . ."

If K. A. R. 21-22-17 were to be construed in accordance with the department's contention, the effect of the regulation would be to nullify and thwart, in cases such as this, the statutory declaration that where an application for rehearing is not granted within ten days of its filing it shall be taken as denied. In our judgment K. S. A. 44-1010 clearly indicates an intention on the part of the legislature that procedures under the Act shall not be subject to undue and protracted delays. Emphasis is given this underlying purpose by the additional provision in 44-1010 that if a rehearing is granted, the commission shall determine the same within thirty days from its submission. As is true of any law, the prime objective in construing laws creating and empowering administrative agencies is to ascertain and give effect to legislative intent. (1 Am. Jur., Administrative Law, § 37, p. 839.)

K. A. R. 21-22-17 must be construed in harmony with the statute, so that it, as well as the statute, may be given effect if possible. We believe such a construction is possible and that both the statute and the regulation have a role to play within their respective spheres of operation.

Where an application for rehearing is denied by action of the commission *within* ten days after it is filed, written notice of the commission's order of denial is to be served in the manner set out in the regulation, and the thirty-day appeal period specified in K. S. A. 1972 Supp. 44-1011 will commence to run from the date of serving notice thereof. Where, however, a denial of the

application for rehearing results as a matter of law from the commissioner's failure to grant the rehearing within ten days from the date the application is filed, written notice is not required to be given the parties and the appeal period runs from the date on which the commission's decisional order was served.

The department places a good deal of emphasis on K. A. R. 21-22-8 which provides in substance that the commission shall permit the parties to submit oral arguments and to file briefs within such time as it determines. The department argues that under this regulation it had a right to present oral argument on its application for rehearing and that it was deprived of this right by the commission's failure to give notice. The commission responds that the regulation refers only to hearings and to rehearings, not to applications for rehearing.

It must be conceded that the regulation is not so clearly worded as to be entirely free from ambiguity, but we believe the difference of opinion is of little relevance at this time. K. S. A. 44-1011 provides that an appeal may be taken from an order of the commission within thirty days from the date it is served. We must assume in the instant case that the commission's order of March 20 was served on or before March 26, the date on which the department filed its application for rehearing. Accordingly, the appeal period would have commenced to run from not later than March 26. The department's first attempt to file an appeal in this case was made June 7, far out of time, and the trial court correctly concluded it was without jurisdiction to entertain the attempted appeal.

We find no error in the judgment entered by the trial court and the same is affirmed.