(845 P.2d 89)

No. 68,248

UNITED STEELWORKERS OF AMERICA, LOCAL NO. 4706, *Appellant,*
v. KANSAS COMMISSION ON CIVIL RIGHTS, *Appellee.*

Opinion filed January 22, 1993.

*John P. Hurley, Frederic O. Wickham,* and *Julianne H. Carter,* of Jolley, Walsh & Hager, P.C., of Kansas City, Missouri, and *Mark S. Gunnison,* of McDowell, Rice and Smith, of Overland Park, for appellant.

*Brandon L. Myers,* chief counsel of Kansas Human Rights Commission, of Topeka, for appellee.

Before BRISCOE, C.J., RON ROGG, District Judge, assigned, and E. NEWTON VICKERS, District Judge Retired, assigned.

VICKERS, J.: United Steelworkers of America, Local No. 4706, (Union) appeals the district court's dismissal of its petition for judicial review for lack of jurisdiction caused by untimely filing of the petition under K.S.A. 77-613. We affirm.

The underlying complaint of discrimination was filed with the Kansas Commission on Civil Rights (KCCR) under the Kansas Act Against Discrimination, K.S.A. 44-1001 *et seq.,* by Ruth A. Morales.

On March 6, 1990, the KCCR held an evidentiary hearing. On June 15, 1990, hearing examiner Thomas L. Green issued his findings of fact and conclusions of law and entered judgment for the Union.

On July 6, 1990, the KCCR filed its own findings and conclusions of law, entering judgment for Morales.

On July 13, 1990, the Union mailed a petition for rehearing. On July 16, 1990, the petition for rehearing was filed at the KCCR. On July 20, 1990, the KCCR denied the Union's petition for rehearing.

On August 17, 1990, the Union filed its petition for judicial review with the district court. On February 28, 1992, the district court ordered dismissal of the Union's appeal for lack of jurisdiction by reason of its failure to file for judicial review within the statutory period provided for in K.S.A. 77-613(b).

The issue before us is whether the district court erred in its interpretation of K.S.A. 77-613(b), the provision governing the time allowed for filing a petition for judicial review of an administrative agency order.

The critical dates are:

July 6, 1990 - KCCR filed its order;

July 16, 1990 - Union filed motion for rehearing;

July 20, 1990 - KCCR denied motion for rehearing;

August 17, 1990 - Union filed a petition for judicial review.

K.S.A. 44-1011(b) provides in part that "[a]ny action of the commission pursuant to the Kansas act against discrimination is subject to review in accordance with the act for judicial review and civil enforcement of agency actions."

K.S.A. 1991 Supp. 44-1010 provides as follows:

"Any party being dissatisfied with any order or decision of the commission may petition for reconsideration in accordance with the provisions of K.S.A. 77-529 and amendments thereto. No cause of action arising out of any order or decision of the commission shall accrue in any court to any party unless such party shall petition for reconsideration as herein provided. No party shall, in any court, urge or rely upon any ground not set forth in the petition for reconsideration."

K.S.A. 77-529 provides:

"(a) Any party, within 15 days after service of a final order, may file a petition for reconsideration with the agency head, stating the specific grounds upon which relief is requested. The filing of the petition is not a prerequisite for seeking administrative or judicial review except as provided in K.S.A. 44-1010 and 44-1115 and amendments thereto concerning orders of the commission on civil rights . . . ."

K.S.A. 77-613(b) provides:

"A petition for judicial review of an order is not timely unless filed within 30 days after service of the order, but the time is extended during the pendency of the petitioner's timely attempts to exhaust administrative remedies."

The Union argues on appeal that the full 30 days should start from July 20, 1990, when the KCCR denied its motion for rehearing; therefore, its petition for judicial review filed on August 17, 1990, was timely. At first glance, this argument seems reasonable and convincing, especially when compared with the rules of civil procedure.

As a general rule, a notice of appeal from a decision of the district court must be filed within 30 days from entry of judgment, but the time for filing a notice of appeal is tolled by timely filing one of several post-trial motions. K.S.A. 1991 Supp. 60-2103(a). If a post-trial motion is timely filed, the time for filing notice of appeal is 30 days from entry of the trial court decision on the post-trial motion. The post-trial motions which toll the time for filing notice of appeal under K.S.A. 1991 Supp. 60-2103(a) include motion for judgment notwithstanding verdict, K.S.A. 1991 Supp. 60-250(c); motion to amend or make additional findings of fact, K.S.A. 60-252(b); motion for a new trial, K.S.A. 60-259(b); and motion to alter or amend the judgment, K.S.A. 60-259(f). The following motions have been judicially determined to toll the time for filing a notice of appeal: objections to a journal entry, motion for rehearing, motion to vacate judgment, and motion to reconsider. Byrd, *Appellate Court Jurisdiction: An Update*, 58 J.K.B.A. 21, 24 (January 1989).

However, the language in K.S.A. 1991 Supp. 60-2103(a) is different than that of K.S.A. 77-613(b). The legislature did not indicate in K.S.A. 77-613(b) an intention to have judicial review of an order of an administrative agency follow the same procedure as in appeals under the code of civil procedure.

In arriving at its decision, the district court held:

"In the case at bar, Petitioner had thirty days from the Board's Order certified on July 6, 1990, to bring an action in this Court. According to K.S.A. 77-613(b), the statutory time commenced on July 7, 1990, and was tolled on July 16, 1990, when Petitioner filed a motion for rehearing. Although nine days elapsed after the KCCR mailed its Final Order, K.S.A. 77-613(d) provides for a three-day grace period when a Board's Order is

served by mail. Thus, only six statutory days lapsed after the Board mailed its Final Order. The statutory time continued to toll until July 20, 1990, when the KCCR denied petitioner's Motion for Rehearing. Again, Petitioner is permitted an additional three-day grace period after the Commission denied its request for a Rehearing so that statutory time commenced running on July 24, 1990. The thirtieth day arrived on August 16, 1990. Petitioner filed its Petition for Judicial Review on August 17, 1990. Consequently, petitioner's failure to file for Judicial Review within the statutorily prescribed period thus results in a dismissal of this appeal for lack of jurisdiction."

The district court relied on *Northwest Cent. Pipeline Corp. v. Kansas Corp. Comm'n*, 241 Kan. 165, 735 P.2d 241 (1987). *Northwest Cent.* held that a petition for judicial review filed prior to the filing of the order on rehearing is premature. The Supreme Court held that the order granting rehearing caused the KCC's original order "not to be a final agency action." 241 Kan. at 169. Northwest Central had filed a motion for rehearing of the rehearing order, claiming it was a timely attempt to exhaust its administrative remedies and it had 30 days after the denial thereof to seek judicial review. The Supreme Court rejected this argument, concluding that the KCC's order on rehearing was the final order. 241 Kan. at 172.

The Union cites the following language in *In re Tax Appeal of Newton Country Club Co.*, 12 Kan. App. 2d 638, 640, 753 P.2d 304, *rev. denied* 243 Kan. 779 (1988), as support of its interpretation of K.S.A. 77-613(b):

"According to K.S.A. 1987 Supp. 74-2426(b), an order issued by the BOTA following a rehearing is a final order subject to review in accordance with the Act. The Act requires the filing of a petition for review of an order within 30 days after service of the order. K.S.A. 1987 Supp. 77-613(b)."

However, *Newton* is distinguishable from the present fact situation as *Newton* was never concerned with how many days had passed after the BOTA's order until the Club's filing of a motion for rehearing. Under K.S.A. 1987 Supp. 74-2426(b), which specifically spelled out the appeal procedure in Board of Tax Appeals cases, a party may file a petition for review within 30 days after a denial of a motion for rehearing. The act against discrimination, K.S.A. 44-1001 *et seq.*, does not have such provisions.

The Union further relied on *Kansas Commission on Civil Rights v. City of Topeka Street Department*, 212 Kan. 398, 511 P.2d

253, *cert. denied* 414 U.S. 1066 (1973), in support of its position before the district court.

"Where an application for rehearing is denied by action of the commission *within* ten days after it is filed, written notice of the commission's order of denial is to be served in the manner set out in the regulation, and the thirty-day appeal period specified in K.S.A. 1972 Supp. 44-1011 will commence to run from the date of serving notice thereof." 212 Kan. at 402.

*City of Topeka* further held that the Commission's failure to grant a rehearing within 10 days after application constituted a denial of a rehearing by virtue of 44-1010. 212 Kan. at 400-01. The time for appeal commences to run from the date on which the commission served its decisional order. 212 Kan. 398, Syl. ¶ 6.

However, K.S.A. 77-613(b) had not been enacted when *City of Topeka* was decided. In 1984, 11 years after *City of Topeka* was decided, the Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq.*, was enacted by the Kansas Legislature.

In this case, there was a motion for rehearing filed and it was denied. The motion for rehearing was an attempt to exhaust administrative remedies under K.S.A. 77-613(b). If K.S.A. 77-613(b) is construed to mean that the Union had 30 days to file a petition for judicial review after the denial of its motion for rehearing, then there is no need for the language "but the time is extended during the pendency of the petitioner's timely attempts to exhaust administrative remedies." Therefore, the above statute must have contemplated that service of the order, which starts the 30-day countdown, must be something other than the ruling on the motion for rehearing. Therefore, it is logical to interpret the above language to mean that the time is temporarily tolled during the pendency of a motion for rehearing. The 30-day countdown starts with the filing of the KCCR order, temporarily stops with the filing of a motion for rehearing, and starts again with the KCCR's ruling on the motion for rehearing.

According to K.S.A. 77-613(b), the 30-day countdown started on July 7, 1990, and was tolled on July 16, 1990 (9 days). K.S.A. 77-613(d) provides for a 3-day grace period for service by mail. Therefore, (9 − 3 =) 6 days passed before the filing of a motion for rehearing. The rest of the 30 days (30 − 6 = 24) started

again on July 20, 1990, when the KCCR denied the motion. With the 3-day grace period for mailing of service, the due date for filing a petition for review was August 16, 1990 (24 days from July 24, 1990). The Union filed its petition for judicial review after 30 days had passed, on August 17, 1990. The district court had no jurisdiction to hear the petition.

Affirmed.