No. 68,248

UNITED STEELWORKERS OF AMERICA, LOCAL NO. 4706,
*Appellant*, v. KANSAS COMMISSION ON CIVIL RIGHTS, *Appellee*.

(855 P.2d 905)

Opinion filed July 9, 1993.

*John P. Hurley*, of Jolley, Walsh & Hager, P.C., of Kansas City, Missouri, argued the cause, and *Frederic O. Wickham*, of the same firm, and *Mark S. Gunnison*, of McDowell, Rice and Smith, of Overland Park, were with him on the briefs for appellant.

*Brandon L. Myers*, chief legal counsel, Kansas Human Rights Commission, of Topeka, argued the cause and was on the briefs for appellee.

*James G. Flaherty,* of Anderson, Byrd, Richeson & Flaherty, of Ottawa, was on the brief for *amicus curiae* United Cities Gas Company.

The opinion of the court was delivered by

HOLMES, C.J.: United Steelworkers of America, Local No. 4706, (United Steelworkers or the Union) appeals from an order of the district court dismissing its petition for judicial review of a decision of the Kansas Commission on Civil Rights (KCCR) (now the Kansas Human Resources Commission). The district court held it lacked jurisdiction because the petition filed pursuant to K.S.A. 77-613 was untimely. The Court of Appeals affirmed the dismissal by the district court in *United Steelworkers of America v. Kansas Comm'n on Civil Rights,* 17 Kan. App. 2d 863, 845 P.2d 89 (1993). We granted the Union's petition for review.

The underlying complaint leading to this appeal was filed by Ruth A. Morales against United Steelworkers, alleging discriminatory action by the Union. The relevant facts are not in dispute and are set forth in the opinion of the Court of Appeals.

"The underlying complaint of discrimination was filed with the Kansas Commission on Civil Rights (KCCR) under the Kansas Act Against Discrimination, K.S.A. 44-1001 *et seq.*, by Ruth A. Morales.

"On March 6, 1990, the KCCR held an evidentiary hearing. On June 15, 1990, hearing examiner Thomas L. Green issued his findings of fact and conclusions of law and entered judgment for the Union.

"On July 6, 1990, the KCCR filed its own findings and conclusions of law, entering judgment for Morales.

"On July 13, 1990, the Union mailed a petition for rehearing. On July 16, 1990, the petition for rehearing was filed at the KCCR. On July 20, 1990, the KCCR denied the Union's petition for rehearing.

"On August 17, 1990, the Union filed its petition for judicial review with the district court. On February 28, 1992, the district court ordered dismissal of the Union's appeal for lack of jurisdiction by reason of its failure to file for judicial review within the statutory period provided for in K.S.A. 77-613(b)." 17 Kan. App. 2d at 863-64.

On March 10, 1992, United Steelworkers filed a motion to alter or amend judgment and argued that the district court erred in interpreting K.S.A. 77-613(b). Specifically, United Steelworkers argued that the 30-day appeal period should have commenced to run on July 21, 1990, the first day after the KCCR issued its order denying the petition for rehearing. United Steelworkers also argued that even under the district court's interpretation of

K.S.A. 77-613(b), United Steelworkers should have been allowed an additional three-day statutory grace period for mailing once the KCCR denied the petition for rehearing. See K.S.A. 77-613(d).

On May 5, 1992, the district court issued a second memorandum opinion and order in response to United Steelworkers' motion to alter or amend judgment. In that order, the district court reaffirmed its original holding that the 30-day appeal period set forth in K.S.A. 77-613(b) commences when a final order is issued and is tolled only after a petition for reconsideration is filed. The court next considered United Steelworkers' second contention that it was entitled to two three-day statutory grace periods. The district court held:

"It is true that this court did not specify in its February 28, 1992, Order that petitioner was entitled to an additional three-day grace period after KCCR denied the Petition for Rehearing. However, this Court allowed for a three-day grace period in its Order when it calculated the thirty-day appeal period tolling from the date the Petition was mailed by Petitioner."

The Court of Appeals adopted the reasoning and holding of the district court's May 5, 1992, order. The Court of Appeals held:

"In this case, there was a motion for rehearing filed and it was denied. The motion for rehearing was an attempt to exhaust administrative remedies under K.S.A. 77-613(b). If K.S.A. 77-613(b) is construed to mean that the Union had 30 days to file a petition for judicial review after the denial of its motion for rehearing, then there is no need for the language 'but the time is extended during the pendency of the petitioner's timely attempts to exhaust administrative remedies.' Therefore, the above statute must have contemplated that service of the order, which starts the 30-day countdown, must be something other than the ruling on the motion for rehearing. Therefore, it is logical to interpret the above language to mean that the time is temporarily tolled during the pendency of a motion for rehearing. The 30-day countdown starts with the filing of the KCCR order, temporarily stops with the filing of a motion for rehearing, and starts again with the KCCR's ruling on the motion for rehearing." 17 Kan. App. 2d at 867.

The Union asserts two issues on appeal: (1) The district court erred in its interpretation of the provision of K.S.A. 77-613(b) governing the time allowed for filing a petition for judicial review of an administrative agency order, and (2) the district court erred

in its interpretation of the three-day statutory grace period for service by mail contained in K.S.A. 77-613(d).

The resolution of the issues before the court involves the interaction of three comprehensive legislative enactments: the Kansas Act Against Discrimination, K.S.A. 44-1001 *et seq.*; the Kansas Administrative Procedure Act, K.S.A. 77-501 *et seq.*; and the Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq.*

"In. construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. When the provisions. of two or more acts affect the same issue and subject matter, the same rule applies." *McMillen v. U.S.D. No. 380*, 253 Kan. 259, Syl ¶ 7, 855 P.2d 896 (1993).

We now turn to the specific statutes involved in this appeal. K.S.A. 1992. Supp. 44-1010 provides:

"Any party being dissatisfied with any order ·or decision of the commission may petition for reconsideration in accordance with the provisions of K.S.A. 77-529 and amendments thereto. *No cause of action arising out of any order or decision of the commission shall accrue in any court to any party unless such ·party shall petition for reconsideration as herein provided.* No party shall, in any court, urge or rely upon any ground not set forth in the petition for reconsideration." (Emphasis added.)

K.S.A. 44-1011(b) provides in pertinent part:

"Any action of the commission pursuant to the Kansas act against discrimination is subject to review in accordance with the act for judicial review and civil enforcement of agency actions . . . ."

K.S.A. 1992 Supp. 77-529 provides:

"(a) Any party, within 15 days after service of a final order, may file a petition for reconsideration with the agency head, stating the specific grounds upon which relief is requested. *The filing of the petition is not a prerequisite for seeking administrative or judicial review except as provided in K.S.A. 44-1010 ,and 44-1115, and amendments thereto, concerning orders of the Kansas human rights commission* [formerly Kansas Commission on Civil Rights], K.S.A. 55-606 and 66-118b, and amendments thereto, concerning orders of the corporation commission and K.S.A. 74-2426 and amendments thereto concerning orders of the board of tax appeals.

"(b) The agency head shall render a written order denying the petition, granting the petition and dissolving or modifying the final order, or granting

the petition and setting the matter for further proceedings. The petition may be granted, in whole or in part, only if the agency head states, in the written order, findings of fact, conclusions of law and policy reasons for the decision if it is an exercise of the state agency's discretion, to justify the order. The petition is deemed to have been denied if the agency head does not dispose of it within 20 days after the filing of the petition.

"An order under this section shall be served on the parties in the manner prescribed by K.S.A. 77-531 and amendments thereto." (Emphasis added.)

K.S.A. 77-612 provides in part:

"*A person may file a petition for judicial review under this act* [the Act for Judicial Review and Civil Enforcement of Agency Actions] *only after exhausting all administrative remedies available within the agency whose action is being challenged* and within any other agency authorized to exercise administrative review . . . ." (Emphasis added.)

K.S.A. 77-613 provides in pertinent part:

"*Subject to other requirements* of this act or *of another statute:*

. . . .

(b) A petition for judicial review of an order is not timely unless filed within 30 days after service of the order, but the time is extended during the pendency of the petitioner's timely attempts to exhaust administrative remedies." (Emphasis added.)

The parties go to great lengths in propounding their respective arguments as to the applicability and interpretation of K.S.A. 77-613(b), which they deem to be controlling. Considerable time and effort is expended in attempts to explain the language "but the time is extended during the pendency of the petitioner's timely attempts to exhaust administrative remedies." The district court and the Court of Appeals also found this statute to be controlling. The arguments propounded and the authorities cited in support of the conflicting views of the parties clearly demonstrate that the statute is ambiguous, at best. In attempting to resolve the overlapping and confusing language of the three acts before the court, we believe the solution clearly lies within the language of the Kansas Act Against Discrimination and more particularly the specific provision of K.S.A. 44-1010 which provides: "No cause of action arising out of any order or decision of the commission shall accrue in any court to any party unless such party shall petition for reconsideration as herein provided."

The Kansas Administrative Procedure Act and the Act for Judicial Review of Civil Enforcement of Agency Actions are general

acts setting forth procedures to be followed in actions before and appeals from numerous governmental agencies. The Kansas Act Against Discrimination is a specific act establishing the KCCR and specifying its duties, powers, procedures, etc. Under the specific provisions of K.S.A. 1992 Supp. 44-1010, no cause of action for judicial review even accrues until the party has sought reconsideration before the KCCR. Not only is the filing of a petition for reconsideration a condition precedent to any cause of action by way of appeal, but K.S.A. 77-612 also states:

"A person may file a petition for judicial review under this act only after exhausting all administrative remedies available within the agency whose action is being challenged . . . ."

All of the applicable statutes refer to appeals from a "final order" or an "order" of the administrative agency. Where, as here, the statutes specifically provide there can be no appeal or judicial review of any order without filing a petition for reconsideration with the KCCR *and* "exhausting all administrative remedies," we conclude that such exhaustion does not occur until the petitioner files a petition for reconsideration and the KCCR files its order on reconsideration or fails to file an order within 20 days as specified in K.S.A. 1992 Supp. 77-529(b).

To seek judicial review of the KCCR decision, United Steelworkers was required to file a petition for reconsideration before a cause of action could even accrue and also was required to exhaust its administrative remedies. We recognize the dilemma of the Court of Appeals when it states:

"If K.S.A. 77-613(b) is construed to mean the Union had 30 days to file a petition for judicial review after the denial of its motion for rehearing, then there is no need for the language 'but the time is extended during the pendency of the petitioner's timely attempts to exhaust administrative remedies.' " 17 Kan. App. 2d at 867.

The provisions of K.S.A. 1992 Supp. 77-529(a), K.S.A. 77-612 and 77-613(b), and K.S.A. 1992 Supp. 44-1010 are obviously conflicting and create ambiguity in applying the statutes to the present case. The cases and authorities relied upon by the parties merely emphasize the conflict and ambiguity apparent when the three legislative acts are read together.

The entire area of judicial review of agency actions is clouded not only by inconsistent appellate decisions, but also by the over-

lapping and confusing language of the Kansas Administrative Procedure Act and the Act for Judicial Review and Civil Enforcement of Agency Actions. For example, K.S.A. 1992 Supp. 77-529 provides that the filing of a petition for reconsideration is not a prerequisite to judicial review except in orders from the Human Rights Commission, the Corporation Commission, and the Board of Tax Appeals. However, K.S.A. 77-612 provides that a petition for judicial review from any agency action can only be filed after all administrative remedies have been exhausted. In those instances where the filing of a petition for reconsideration with the agency is not mandatory, those two statutes could very well be in conflict.

The statutory inconsistencies are further complicated when the statutes pertaining to specific agencies such as those recognized in K.S.A. 77-529 have their own requirements which must be met prior to seeking judicial review. While the specific language of K.S.A. 77-613(b) targeted by the district court and the Court of Appeals may very well apply in some situations, we are of the opinion that when statutes applicable to specific agencies and K.S.A. 77-612 conflict with K.S.A. 77-613(b), the statutes applicable to the agency in question and K.S.A. 77-612 control.

Under K.S.A. 1992 Supp. 44-1010, no cause of action accrues until a petition for reconsideration is at least filed with the administrative agency. Thereafter, K.S.A. 77-612 requires that the ensuing administrative remedies must be exhausted before judicial review may be sought.

In resolving the ambiguity and conflict herein, we conclude the specific language and direction of K.S.A. 1992 Supp. 44-1010, together with the provisions of K.S.A. 77-612, must control appeals from the KCCR to the district court. Here, the KCCR filed its original order on July 6, 1990, the Union timely filed its motion for rehearing on July 16, 1990, the KCCR filed its order denying rehearing on July 20, 1990, and the Union filed its petition for review on August 17, 1990. The K.S.A. 77-612 requirement that the Union exhaust its administrative remedies was not met until the KCCR issued its order on the petition for reconsideration. We conclude that the time for filing an appeal for judicial review did not commence until the order was filed. As the administrative remedies were not exhausted until July 20, 1990, the Union's

petition for judicial review was timely filed within the 30 days provided by K.S.A. 77-613(b).

In view of the decision reached herein, it is not necessary to consider the other arguments and authorities relied upon by the parties.

The decisions of the Court of Appeals and the district court are reversed, and the case is remanded to the district court for further proceedings.

DAVIS, J., not participating.

RALPH M. KING, JR., district judge, assigned.