(880 P.2d 783)
No. 70,582

OFFICE OF THE STATE BANK COMMISSIONER, *Appellant*, v.
REBECCA H. EMERY, *Appellee*.

Opinion filed September 2, 1994.

*Mark W. Stafford*, assistant attorney general, and *Robert T. Stephan*, attorney general, for appellant.

*Stephen P. Weir*, of Hein, Ebert and Weir, Chtd., of Topeka, for appellee.

Before PIERRON, P.J., LARSON and GERNON, JJ.

LARSON, J.; The Office of the State Bank Commissioner (Commissioner) appeals the trial court's ruling that the Commissioner filed its petition for judicial review out of time. Specifically, the Commissioner argues the trial court erred in relying on the Court of Appeals' interpretation of K.S.A. 77-613(b) in *United Steelworkers of America v. Kansas Comm'n on Civil Rights*, 17 Kan. App. 2d 863, 845 P.2d 89 *(Steelworkers I)*, *rev'd* 253 Kan. 327, 855 P.2d 905 (1993) *(Steelworkers II)*.

The parties agree to the facts, which we must recite in detail because our decision turns on a procedural question.

Rebecca H. Emery is a bank examiner employed by the Commissioner. The Commissioner sought to terminate Emery's employment after she pled guilty to federal charges that she aided and abetted an officer of a bank in making a loan to a bank examiner.

Emery appealed her termination to the Kansas Civil Service Board (Board) pursuant to K.S.A. 75-2949(f). The Board's decision, entitled "FINAL ORDER," mailed July 20, 1992, reversed the dismissal but ordered Emery suspended without pay for four months.

The Commissioner, on August 4, 1992, filed a petition for reconsideration pursuant to K.S.A. 1993 Supp. 77-529. This petition was denied on August 14, 1992.

Subsequently, on September 10, 1992, the Commissioner filed a petition for judicial review pursuant to K.S.A. 77-601 *et seq.* The trial court dismissed the Commissioner's suit because it named the Board as a party. Pursuant to K.S.A. 75-2929h, Emery was the proper party. The Commissioner then filed an amended petition naming the proper parties.

Next, Emery again moved to dismiss, contending the trial court did not have jurisdiction because the Commissioner had failed to file a timely petition for judicial review. The trial court agreed and dismissed the petition as untimely, citing *Steelworkers I* as authority.

The Commissioner then moved to alter or amend, arguing the court erred in relying on the *Steelworkers I* decision as it was not final pursuant to Supreme Court Rule 8.03 (1993 Kan. Ct. R. Annot. 44) because the Kansas Supreme Court had granted

the petition for review. The trial court, after reviewing the *Steelworkers II* decision, denied the Commissioner's motion. The trial court found the *Steelworkers I* analysis still valid in cases where a motion for reconsideration was permissive. The Commission then perfected this appeal.

The resolution of this appeal involves the interaction of three comprehensive legislative enactments: the Kansas Civil Service Act (KCSA), K.S.A. 75-2925 *et seq.*; the Kansas Administrative Procedure Act (KAPA), K.S.A. 77-501 *et seq.*; and the Act for Judicial Review and Civil Enforcement of Agency Actions, (KJRA) K.S.A. 77-601 *et seq.* The KAPA and the KJRA are general acts setting forth procedures to be followed in actions before and appeals from numerous governmental agencies. *Steelworkers II*, 253 Kan. at 331-32.

Any permanent employee finally dismissed may request a hearing by the Board to determine the reasonableness of the agency's action. K.S.A. 75-2949(f). Such hearings are to be conducted in accordance with the KAPA. K.S.A. 75-2949(f); K.S.A. 75-2929d(b). Appeals from decisions of the Board are governed by the KJRA. See K.S.A. 75-2929h. "Decisions on petitions for judicial review of agency action are reviewable by the appellate courts as in other civil cases." K.S.A. 77-623.

Interpretation of statutes is a question of law, and it is the function of the court to interpret statutes to give them the effect intended by the legislature. *Amoco Production Co. v. Armold, Director of Taxation*, 213 Kan. 636, Syl. ¶ 4, 518 P.2d 453 (1974). This court's scope of review on questions of law is unlimited. *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988). When the provisions of two or more acts affect the same issue and subject matter, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. *Steelworkers II*, 253 Kan. at 330.

The Commissioner argues that the agency's decision was not final until its petition for reconsideration was denied. The Commissioner also argues that because the Court of Appeals' decision was reversed by *Steelworkers II*, the *Steelworkers I* decision has no precedential value and should not be followed. Finally, the Commissioner contends that for public policy reasons, we should

rule that the time for filing a petition for review does not begin until the denial of any post-trial motions to reconsider.

The precise issue presented concerns the application of K.S.A. 77-613(b), which reads: "A petition for judicial review of an order is not timely unless filed within 30 days after service of the order, but the time is extended during the pendency of the petitioner's timely attempts to exhaust administrative remedies."

The trial court relied on our court's decision in *Steelworkers I*, which construed K.S.A. 77-613(b) to mean that the 30-day period for seeking judicial review begins to run when an agency order is served but is temporarily tolled during the pendency of the motion for rehearing.

The narrow issue presented is whether this rationale of *Steelworkers I* is still valid in light of the Supreme Court's reversal in *Steelworkers II*.

In *Steelworkers I*, we interpreted the interaction between the provisions of the Kansas Act Against Discrimination (KAAD), K.S.A. 44-1001 *et seq.*, the KAPA, and the KJRA. Pursuant to K.S.A. 44-1010, the KAAD *requires* that a party file a petition for reconsideration prior to filing a petition for judicial review. The KJRA requires a party to exhaust its administrative remedies prior to filing a petition for judicial review except when another statute waives the exhaustion requirement. K.S.A. 77-612. The KAPA allows a party to file a motion to reconsider within 15 days after service of a final order. K.S.A. 1993 Supp. 77-529. K.S.A. 77-613 establishes a 30-day time limit in which a petition for judicial review must be filed.

Our court, in *Steelworkers I*, interpreted the filing of the petition for reconsideration as an attempt to exhaust administrative remedies which extended the time within which a party could file a petition for judicial review pursuant to K.S.A. 77-612 and K.S.A. 77-613(b). Based on the language in K.S.A. 77-613(b), the *Steelworkers I* court held that upon service of the agency order, the aggrieved party had 30 days to file a petition for judicial review. However, the 30-day time count would be temporarily tolled during the pendency of the petition for reconsideration. The time count towards the 30-day limit would then recommence after the agency's ruling on the petition. 17 Kan. App. 2d at 867. In other words, a party would not have 30 days from the ruling

on a petition for reconsideration to file a petition for judicial review, but only that portion of the 30 days remaining after subtracting the time between service of the original order and the filing of the petition for reconsideration. We stated:

"If K.S.A. 77-613(b) is construed to mean that the Union had 30 days to file a petition for judicial review after the denial of its motion for rehearing, then there is no need for the language 'but the time is extended during the pendency of the petitioner's timely attempts to exhaust administrative remedies.' Therefore, the above statute must have contemplated that service of the order, which starts the 30-day countdown, must be something other than the ruling on the motion for rehearing." 17 Kan. App. 2d at 867.

The three-day mail rule would also apply to the time computation pursuant to K.S.A. 77-613(d). See also K.S.A. 1993 Supp. 60-206(e); (applying identical three-day mail rule under Code of Civil Procedure) and *Hundley v. Pfuetze*, 18 Kan. App. 2d 755, 858 P.2d 1244 (1993).

In *Steelworkers II*, the Kansas Supreme Court reversed the decision of the Court of Appeals. The crux of the *Steelworkers II* decision was a holding that when the filing of a petition for reconsideration is a prerequisite to the filing of a petition for judicial review, an agency's order is not final until a decision on the petition for reconsideration is filed or the petition is deemed denied by operation of law pursuant to K.S.A. 1993 Supp. 77-529(b). 253 Kan. at 332-33.

The statute applicable to the specific agency in *Steelworkers II mandated* the filing of a petition for reconsideration prior to filing a petition for judicial review. K.S.A. 44-1010. Therefore, the specific agency statutes, K.S.A. 44-1010 and K.S.A. 77-612, which mandate the exhaustion of administrative remedies, were in conflict with K.S.A. 77-613(b). The Supreme Court ruled: "[W]e are of the opinion that when statutes applicable to specific agencies and K.S.A. 77-612 conflict with K.S.A. 77-613(b), the statutes applicable to the agency in question and K.S.A. 77-612 control." 253 Kan. at 333. This left open the question of whether the *Steelworkers I* rationale would still apply to administrative reviews where a petition for rehearing or reconsideration was *permissive*.

The KCSA does not mandate that a party file a motion to reconsider prior to seeking judicial review of the agency action. Therefore, the decision in *Steelworkers II* is not dispositive.

The initial critical question is, which order started the running of the 30-day appeal time period?

The critical dates are:

| | |
|---|---|
| July 20, 1992 | Civil Service Board mailed its final order. |
| August 4, 1992 | Commissioner filed a petition to reconsider. |
| August 14, 1992 | Petition to reconsider is denied. Order is mailed. |
| September 10, 1992 | Commissioner filed a petition for judicial review. |

If the July 20, 1992, Civil Service Board decision was the final order, the Commissioner's petition was untimely. However, if the Civil Service Board order denying the petition to reconsider was the final order, the petition for judicial review was timely.

The Commissioner argues that the wording of K.S.A. 1993 Supp. 77-529 contemplates a subsequent order. Under this contention, what was designated as the "Final Order" becomes a non-final order upon the filing of a petition for reconsideration.

K.S.A. 77-607(b) defines what constitutes a final order and reads in relevant part:

"(1) 'Final agency action' means the whole or a part of any agency action other than nonfinal agency action;

"(2) 'Nonfinal agency action' means the whole or a part of an agency determination, investigation, proceeding, hearing, conference or other process that the agency intends or is reasonably believed to intend to be preliminary, preparatory, procedural or intermediate with regard to subsequent agency action of that agency or another agency."

K.S.A. 77-530(a) states that "[u]nless a later date is stated in a final order or a stay is granted, a final order is effective upon service."

The Civil Service Board's July 20 order was clearly a final order. It was titled a "final order" and gave no indication it was preliminary, procedural, or intermediate. If we were to accept the Commissioner's rationale, a party could file an infinite number of petitions to reconsider, thereby indefinitely postponing the finality of the decision. "[T]he legislature is presumed to intend that a statute be given a reasonable construction, so as to avoid

unreasonable or absurd results." *Todd v. Kelly*, 251 Kan. 512, 520, 837 P.2d 381 (1992).

The next question is, if the July 20 order was the final order, does the statutory language support the *Steelworkers I* rationale?

Judicial review of a final agency action may be obtained by a party who qualifies pursuant to the KJRA as to standing, exhaustion of administrative remedies, and timely filing of a petition for judicial review. K.S.A. 77-607. Even though the petition for judicial review may only be filed after exhaustion of administrative remedies, this requirement is waived "to the extent that [the KJRA] or any other statute states that exhaustion is not required." K.S.A. 77-612(b).

K.S.A. 1993 Supp. 77-529(a) allows a party to file a petition for reconsideration within 15 days after service of a final order. However, the filing of a petition for reconsideration is not a prerequisite for seeking judicial review except as provided in several specific statutes not relevant here. The filing of such a motion is an "administrative [remedy] available within the agency whose action is being challenged" pursuant to K.S.A. 77-612. The issue here is whether a party must file a permissive motion to reconsider, as allowed by K.S.A. 1993 Supp. 77-529(a), in order to exhaust administrative remedies. However, the same statute, K.S.A. 1993 Supp. 77-529, states clearly that the filing of such a petition is not a prerequisite to the filing of a petition for judicial review. Therefore, K.S.A. 77-612(b) applies because K.S.A. 1993 Supp. 77-529 relieves the party of the requirement of filing a petition for reconsideration.

Because, under the facts of this case, a petition for reconsideration is not a prerequisite to filing a petition for judicial review, our reasoning in *Steelworkers I* is still persuasive.

The Commissioner cites two cases, *Northwest Cent. Pipeline Corp. v. Kansas Corp. Comm'n*, 241 Kan. 165, 735 P.2d 241 (1987), and *In re Tax Appeal of Newton Country Club Co.*, 12 Kan. App. 2d 638, 753 P.2d 304, *rev. denied* 243 Kan. 779 (1988), for the proposition that the 30-day time count within which a petition for judicial review must be filed did not start until the agency denied the motion for rehearing. We find neither case dispositive of the question presented here.

*Northwest* involved an appeal from a decision of the Kansas Corporation Commission. The specific agency statute in that case required an application for rehearing prior to filing a petition for judicial review. 241 Kan. at 171. Therefore, *Steelworkers II* would apply.

*Newton Country Club* involved an appeal from the Board of Tax Appeals (BOTA). Pursuant to the specific agency statute in *Newton*, no final order of BOTA was subject to review unless the aggrieved party first filed a motion for rehearing. K.S.A. 74-2426(b). Therefore, as in *Northwest*, the ruling of *Steelworkers II* would apply.

In both of the cases cited by the Commissioner, a petition for rehearing is a condition precedent to seeking judicial review; thus, neither case is relevant to the facts of this case.

The Commissioner also argues that this court should abandon the *Steelworkers I* rationale for public policy reasons. First, the Commissioner points out that construing the order denying reconsideration or rehearing as the final order would be consistent with the procedure in *Steelworkers II* and consistent with the rules of civil procedure. The Commissioner also contends its rationale is consistent with traditional exhaustion of remedies principles. According to the Commissioner, the *Steelworkers I* rationale "would turn the agency statutes into a maze, and the judicial review act into an obstacle course."

While we recognize the validity of the Commissioner's criticism of the statutory scheme, we also acknowledge that the various provisions of KAPA and KJRA recognize different procedures are applicable to different agencies.

For example, K.S.A. 1993 Supp. 77-529 states that the filing of a motion to reconsider is not a prerequisite to seeking administrative or judicial review except pursuant to procedures specific to the Kansas Human Rights Commission, the Kansas Corporation Commission, and the Board of Tax Appeals. In addition, effective October 1, 1993, petitions for review by the Workers Compensation Board are mandatory in workers compensation cases. K.S.A. 44-551(b)(1). K.S.A. 77-513 states that all hearings in accordance with the KAPA shall be governed by K.S.A. 77-513 through K.S.A. 77-532, *except as otherwise provided by a*

*statute other than the KAPA.* Further, certain specific agency actions are exempt from the KJRA. K.S.A. 77-603.

The Supreme Court in *Steelworkers II* recognized the complexity of the various administrative procedures. Chief Justice Holmes stated:

"The entire area of judicial review of agency actions is clouded not only by inconsistent appellate decisions, but also by the overlapping and confusing language of the Kansas Administrative Procedure Act and the Act for Judicial Review and Civil Enforcement of Agency Actions. . . .

"The statutory inconsistencies are further complicated when the statutes pertaining to specific agencies such as those recognized in K.S.A. 77-529 have their own requirements which must be met prior to seeking judicial review." 253 Kan. at 332-33.

However, the Kansas Supreme Court gave credence to the *Steelworkers I* rationale when it said:

"While the specific language of K.S.A. 77-613(b) targeted by the district court and the Court of Appeals may very well apply in some situations, we are of the opinion that when statutes applicable to specific agencies and K.S.A. 77-612 conflict with K.S.A. 77-613(b), the statutes applicable to the agency in question and K.S.A. 77-612 control." 253 Kan. at 333.

We hold the instant case to be one of the situations where the *Steelworkers I* rationale is applicable. Despite the convoluted nature of administrative procedure under the various acts, there is a presumption that the legislature does not intend to enact meaningless legislation. *Todd v. Kelly,* 251 Kan. at 515. The legislature is presumed to understand the meaning of the words it uses and the procedures it establishes. See *Boatright v. Kansas Racing Comm'n,* 251 Kan. 240, 245, 834 P.2d 368 (1992).

An often-quoted rule of statutory interpretation is expressed in the Latin maxim *expressio unius est exclusio alterius, i.e.,* the inclusion of one thing implies the exclusion of another. *State v. Luginbill,* 223 Kan. 15, 20, 574 P.2d 140 (1977). If the legislature had meant the time for filing a petition for review to start anew upon the decision on the petition for reconsideration, it could have used language similar to that used in K.S.A. 1993 Supp. 60-2103(a), which governs the time for filing appeals under the rules of civil procedure and states:

"The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subsection commences to run and is to be computed

from the entry of any of the following orders made upon a timely motion under such rules . . . ."

Because K.S.A. 77-613(b) states that the time for filing a petition for review is extended, rather than terminated, during the party's attempt to exhaust administrative remedies, the rationale of *Steelworkers I* still applies. "The time for taking an administrative appeal, as prescribed by statute, is jurisdictional and delay beyond the statutory time is fatal to an appeal." *W. S. Dickey Clay Mfg. Co. v. Kansas Corp. Comm'n*, 241 Kan. 744, Syl. ¶ 1, 740 P.2d 585 (1987).

The statutory framework established by the legislature recognizes more than one set of procedures, and if the legislature had wished to maximize petitions for reconsideration, it would not have made them permissive in most cases. If the Commissioner's office feels the legislature has enacted a procedural maze filled with obstacles and traps for the unwary, its recourse is to the legislature. See *Board of Johnson County Comm'rs v. Smith*, 18 Kan. App. 2d 662, 671, 857 P.2d 1386 (1993).

Applying the *Steelworkers I* rationale to the present case, the trial court was correct in ruling the Commissioner's petition was filed out of time. The 30-day time count began on July 21, 1992. The count was suspended upon the Commissioner's filing of the petition to reconsider on August 4, after allowing for the three-day mail rule pursuant to K.S.A. 77-613(d) and in accord with K.S.A. 1993 Supp. 60-206(e) and *Hundley*. Thus, 11 of the 30 days had passed. The count resumed again on August 15, 1992, after the petition to reconsider was denied and, once again, the three-day mail rule was applied. The count was ended on September 10, when the Commissioner filed its petition for judicial review. Twenty-four days had thus passed between the service of the order denying the petition for reconsideration and filing of the petition for judicial review. Adding the 24 days to the 11 days which had elapsed between the service of the final order and the petition for reconsideration, 35 days had elapsed, and the Commissioner's petition was untimely.

The decision of the trial court is affirmed.