Colonel Lonnie R. McCollum, Superintendent Kansas Highway Patrol 122 S.W. Seventh Street Topeka, Kansas 66603-3847
Dear Superintendent McCollum:
You seek our opinion regarding issuance of a class C license solely for the operation of motorized bicycles to a person whose license is currently suspended or revoked. You question whether this practice is in violation of K.S.A. 1994 Supp. 8-237.
K.S.A. 1994 Supp. 8-237 provides in part:
 "The division of vehicles shall not issue any driver's license to any person:
. . . .
 "(c) Whose license is currently revoked, suspended or canceled in this or any other state, except as provided in K.S.A. 8-256, and amendments thereto." (Emphasis added).
[K.S.A. 1994 Supp. 8-256 provides for the reinstatement of a revoked or suspended license after one year except as otherwise specifically provided by statute.]
Pursuant to K.S.A. 1994 Supp. 8-235(d):
 "No person shall drive any motorized bicycle upon a highway of this state unless: (1) Such person has a valid driver's license which entitles the licensee to drive a motor vehicle in any class or classes; or (2) such person is at least 15 years of age and has passed the written and visual examinations required for obtaining a class C driver's license, in which case the division shall issue to such person a class C license which clearly indicates such license is valid only for the operation of motorized bicycles." (Emphasis added).
Pursuant to K.S.A. 8-234b, as amended by L. 1995, ch. 190, sec. 1, "any reference in the motor vehicle drivers' license act to a classified driver's license or a class of driver's license means a driver's license which restricts the holder thereof to driving one or more of such classes of motor vehicles." K.S.A. 1994 Supp. 8-235 is part of the motor vehicle drivers' license act. Thus it appears from these statutes that a license issued under K.S.A. 1994 Supp. 8-235(d)(1) or (2) is a driver's license and therefore is subject to the provisions of K.S.A. 1994 Supp.8-237(c). See Attorney General Opinion No. 86-159. However, when the definitional sections in article 14 of chapter 8 are taken into account, a contrary result may be reached.
K.S.A. 8-1417 defines driver's license as "any license to operatea motor vehicle issued under the laws of this state." (Emphasis added). Similarly, K.S.A. 8-1430 defines license as "any driver's license or other license or permit to operate a motor vehicle
issued under, or granted by, the laws of this state. . . ." (Emphasis added). Motor vehicle is then defined by K.S.A. 1994 Supp. 8-1437 as "every vehicle, other than a motorized bicycle or a motorized wheelchair, which is self-propelled. . . ." (Emphasis added). These definitions are made applicable to the motor vehicle drivers' license act, and thus K.S.A. 1994 Supp.8-237, by K.S.A. 1994 Supp. 8-234a(b). According to these definitions, a license to operate a motorized bicycle is not a driver's license because a motorized bicycle is not a motor vehicle.
It therefore appears that we have conflicting statutes regarding whether a license to operate a motorized bicycle is a driver's license subject to the provisions of K.S.A. 1994 Supp. 8-237(c). Generally, legislative intent is to be determined from considering all statutes that are in pari materia and effect must be given, if possible, to every provision. United Steelworkers of America,Local No. 4706 v. Kansas Comm'n on Civil Rights, 253 Kan. 327, 330
(1993). To this end, it is the duty of the courts to reconcile different provisions so as to make them consistent, harmonious and sensible. McMillen v. U.S.D. No. 380, Marshall County, Kansas,253 Kan. 259, 268-269 (1993). However, while repeals by implication are not favored [Hainline v. Bond, 250 Kan. 217, 220
(1992)], where an irreconcilable conflict exists between statutes, the latest enactment will be held to supersede, repeal or supplant the earlier by implication. Richards v. Etzen, 231 Kan. 704, 707
(1982).
K.S.A. 8-235(d), providing for motorized bicycle driver's license requirements, was enacted in 1976. L. 1976, ch. 42, sec. 2. K.S.A. 8-1437, the definition of motor vehicle, was amended in the same bill to exclude motorized bicycles. L. 1976, ch. 42, sec. 3. Other amendments in the bill provided for registration of motorized bicycles, excluded motorized bicycles from the definition of motor-driven cycle and made operation of motorized bicycles subject to provisions regulating bicycles and play vehicles. L. 1976, ch. 42, secs. 1, 4 and 6. There is no express mention in the bill, or the minutes of the committees hearing the bill, of why the definition of motor vehicle was altered to exclude motorized bicycles. There could be several reasons including exemption from requirements for compulsory liability insurance under K.S.A. 40-3101 et seq. [See Jerry, RecentDevelopments in Kansas Insurance Law: A Survey, Some Analysis andSome Suggestions, 32 U. Kan. L. Rev. 287, 343 (1984)], or exemption from the motor vehicle tax under K.S.A. 79-5101 et seq. In any event, the intent did not appear to be to negate the driver's license requirement of the preceding section of the bill.See Todd v. Kelly, 251 Kan. 512, 515 (1992) (presumption is that legislature does not intend to enact useless or meaningless legislation).
The definitions of driver's license and license in K.S.A. 8-1417
and 8-1430 have not been amended since the time of their enactment in 1974. L. 1994, ch. 33, secs. 8-1417 and 8-1430. K.S.A. 1994 Supp. 8-235(d) is the later enactment. Because it clearly requires a driver's license for operation of motorized bicycles on any highway of this state and is to this extent irreconcilable with K.S.A. 8-1417 and 8-1430, it is our opinion that K.S.A. 1994 8-237(c) prohibits the issuance of such a license to any person whose license is revoked or suspended, notwithstanding the exclusion of motorized bicycles from the definitions of license and driver's license found in K.S.A. 8-1417 and 8-1430.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm