NOT DESIGNATED FOR PUBLICATION

No. 118,701

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LEE A. MITCHELL-PENNINGTON,
*Appellant*,

v.

SAM CLINE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed June 8, 2018. Affirmed.

*Matthew L. Tillma*, of Law Office of Gregory C. Robinson, of Lansing, for appellant.

*Sherri Price*, legal counsel and special assistant attorney general, of Lansing Correctional Facility, for appellee.

Before POWELL, P.J., ATCHESON and BRUNS, JJ.

PER CURIAM: Lee A. Mitchell-Pennington, an inmate in the Lansing Correctional Facility, was given a disciplinary sanction which caused him to lose 120 days' access to his television and typewriter. He sought relief from this sanction by petitioning for a writ of habeas corpus with the district court, which summarily dismissed his petition. Mitchell-Pennington now appeals to us. However, because Mitchell-Pennington does not assert that his disciplinary conviction deprived him of a constitutionally protected interest, the district court did not err in summarily dismissing the petition. Consequently, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

On June 27, 2017, Unit Team Manager Latzke informed Mitchell-Pennington that he needed to sign a new inmate acknowledgment and agreement for employment form because the previous form was misplaced. Mitchell-Pennington refused to sign a new form. The record does not include the disciplinary report. But at a disciplinary hearing, the hearing officer found Mitchell-Pennington's refusal to sign a new form constituted a violation of work performance under K.A.R. 44-12-401. The hearing officer imposed sanctions on Mitchell-Pennington for "30 P/R S/S IMP." This disciplinary sanction reduced him to a level one on the incentive program, resulting in lost access to his television and typewriter for 120 days.

Mitchell-Pennington appealed the decision, and the record indicates he exhausted his administrative remedies. Mitchell-Pennington then filed a K.S.A. 2017 Supp. 60-1501 petition in the district court. Mitchell-Pennington alleged the disciplinary conviction deprived him of a protected interest, i.e., access to his television and typewriter for 120 days. Mitchell-Pennington argued he was denied due process at the hearing because the violation was not supported by the evidence and he was not afforded an impartial hearing officer. As to the latter claim, Mitchell-Pennington alleged the hearing officer was involved in the investigation of his disciplinary conviction because the hearing officer spoke with Latzke before the hearing about what disciplinary report to charge.

In September 2017, the district court summarily dismissed Mitchell-Pennington's petition because Mitchell-Pennington did not allege and the record did not indicate he was deprived of a constitutionally protected interest.

Mitchell-Pennington timely appeals.

## Did the District Court Err in Summarily Dismissing
## Mitchell-Pennington's K.S.A. 60-1501 Petition?

This court will affirm a summary dismissal only if, "on the face of the petition, it can be established that [the] petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists." *Johnson v. State*, 289 Kan. 642, 648-49, 215 P.3d 575 (2009); see K.S.A. 2017 Supp. 60-1503(a). To state a claim for relief, the petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." 289 Kan. at 648. In determining whether this standard is met, we accept the facts alleged in the petition as true. *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005). Our review over a summary dismissal is unlimited. *Johnson*, 289 Kan. at 649.

Mitchell-Pennington alleges he suffered violations of the Fourteenth Amendment to the United States Constitution, which prohibits the states from depriving persons of "life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1. When a petitioner raises an issue of procedural due process, this court engages in a two-step analysis.

> "First, a court must analyze whether the State has deprived the petitioner of life, liberty, or property. If so, the court next determines the extent and the nature of the process due. The question of whether an individual's constitutional rights have been violated is a question of law over which an appellate court exercises unlimited review. [Citations omitted.]" *Johnson*, 289 Kan. at 649.

The district court summarily dismissed Mitchell-Pennington's petition on the grounds that his disciplinary sanction—the loss of 120 days' access to his television and typewriter—did not deprive him of a constitutionally protected interest. We agree with the district court because a restriction on privileges does not implicate a protected liberty

3

interest as it does not represent a significant and atypical hardship in relation to the ordinary incidents of prison life for purposes of the due process analysis. See *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995); *Ramirez v. State*, 23 Kan. App. 2d 445, 447, 931 P.2d 1265, *rev. denied* 262 Kan. 962 (1997); *Nixon v. Cline*, No. 117,147, 2017 WL 4324712, at *2 (Kan. App. 2017) (unpublished opinion), *rev. denied* 307 Kan. ___ (March 29, 2018).

K.A.R. 44-12-201 permits inmates to possess personal property while in prison. Our Supreme Court distinguishes between an inmate's right to own and an inmate's right to possess personal property: "When an inmate is afforded the opportunity to possess personal property, he or she enjoys a protected interest in the ownership of that property that cannot be infringed without due process. However, the inmate has no protected right to possession of the property while in prison." *Stansbury v. Hannigan*, 265 Kan. 404, Syl. ¶ 5, 960 P.2d 227, *cert. denied* 525 U.S. 1060 (1998). More importantly, the *Stansbury* court held that denying an inmate access or use of "personal electronic equipment does not impose [a] significant hardship" in relation to the ordinary incidents of prison life. 265 Kan. at 421. Thus, as applied here, the temporary loss of access to personal property did not deprive Mitchell-Pennington of a significant property interest.

Mitchell-Pennington also cites *Kansas Commission on Civil Rights v. City of Topeka Street Department*, 212 Kan. 398, Syl. ¶ 1, 511 P.2d 253 (1973), to argue that a government agency may not violate its own rules, and if an agency does, any resulting order is unlawful. Mitchell-Pennington argues that because the Department of Corrections violated K.A.R. 44-13-105(b)—which requires at least one impartial hearing officer to conduct the disciplinary hearing—the agency's failure to follow this rule constitutes shocking and intolerable conduct which requires the court to grant him a full evidentiary hearing.

We are unpersuaded by Mitchell-Pennington's argument because he has failed to meet the threshold determination of the first step of the due process analysis—the loss of a constitutionally protected interest—and he acknowledges that an inmate's due process right under the second step to an impartial hearing and impartial hearing officer is predicated upon the loss of a constitutionally protected interest. Because Mitchell-Pennington was not deprived of a constitutionally protected interest, the district court did not err in summarily dismissing the petition.

Affirmed.