NOT DESIGNATED FOR PUBLICATION

No. 116,942

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOSE ROJAS,
*Appellant*,

v.

SAM CLINE,
*Appellee*.


MEMORANDUM OPINION


Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed January 26, 2018. Affirmed.

*Benjamin N. Casad*, of Leavenworth, for appellant.

*Sherri Price*, legal counsel, of Lansing Correctional Facility, for appellee.

Before ARNOLD-BURGER, C.J., BUSER and SCHROEDER, JJ.


PER CURIAM: Jose Rojas appeals the summary dismissal of his K.S.A. 60-1501 petition alleging the loss of a constitutionally protected interest. The petition fails to state "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). We affirm.


Rojas received a disciplinary report in May 2016 alleging he tested positive for alcohol in violation of K.A.R. 44-12-311. A hearing officer found Rojas guilty at a hearing in June 2016 and sanctioned him with 60 days of privilege restrictions suspended for 180

1

days. Rojas appealed to the Secretary of Corrections. The Secretary affirmed the hearing officer's decision.

Rojas filed a petition for writ of habeas corpus in July 2016 alleging his rights were violated because he was not allowed to have a witness testify on his behalf and further claimed policy and procedures were not followed during the disciplinary hearing. After receiving a writ of habeas corpus, Sam Cline (Respondent) filed a motion to dismiss alleging Rojas was not deprived of any constitutionally protected liberty or property interest. In his response, Rojas alleged he lost 30 days of good time credit because his parole date was moved from March 2017 to April 2017. Rojas attached an "inmate request to staff member" which stated 30 days good time had been withheld. Rojas also filed a motion for additions to the record asking for his "request for witness list" and alcohol level test be included.

The district court granted Respondent's motion and summarily dismissed Rojas' petition without an evidentiary hearing. It found Rojas did not allege the deprivation of any constitutionally protected interest. Rojas filed a motion for reconsideration reasserting, in part, losing 30 days of good time credit was a protected interest. The district court denied the motion for reconsideration.

Rojas now argues the district court erred in finding he did not assert he was deprived of a constitutionally protected interest. Instead, Rojas focuses on what he characterizes as a loss of 30 days good time credit. An issue not briefed by the appellant is deemed waived or abandoned. *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011).

To state a claim for relief under K.S.A. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson*, 289 Kan. at 648. "[I]f, on the face of the petition, it can be established that petitioner is not

2

entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. 289 Kan. at 648-49; see K.S.A. 2016 Supp. 60-1503(a). An appellate court exercises unlimited review of a summary dismissal. 289 Kan. at 649.

The district court did not err in summarily dismissing Rojas' petition because Rojas was not deprived of a constitutionally protected interest. In his response to the motion to dismiss, he lost 30 days of good time credit and he met with the parole board 30 days later than originally scheduled. However, Rojas did not lose the good time, it was withheld.

Under Kansas law there is a difference between good time credits earned and later forfeited and credits withheld. *Gilmore v. McKune*, 22 Kan. App. 2d 167, 169-70, 915 P.2d 779 (1995). When good time credits are withheld, they have not been earned. *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, 628, 24 P.3d 128 (2001). The withholding of good time credits does not constitute a deprivation of a constitutionally protected liberty interest. *Ramirez v. State*, 23 Kan. App. 2d 445, 447, 931 P.2d 1265 (1997).

From the record on appeal, it does not appear Rojas lost any earned good time credit. According to the disciplinary report, the only sanction imposed on Rojas was a 60-day privilege restriction that was suspended for 180 days. There is no mention of loss of good time credits within the disciplinary report. The only mention of good time credits comes from the inmate request to staff member form where a staff member informed Rojas 30 days of good time credit had been withheld. As stated above, the withholding of good time credit does not violate a constitutionally protected liberty interest. *Ramirez*, 23 Kan. App. 2d at 447. The district court did not err in dismissing Rojas' petition for failure to indicate the deprivation of a liberty interest.

Affirmed.