NOT DESIGNATED FOR PUBLICATION

No. 118,216

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DARRYL L. LEWIS,
*Appellant*,

v.

SECRETARY OF CORRECTIONS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed June 22, 2018. Affirmed.

*Matthew L. Tillma*, of Law Office of Gregory C. Robinson, of Lansing, for appellant.

*Sherri Price*, legal counsel and special assistant attorney general, of Lansing Correctional Facility, for appellee.

Before GARDNER, P.J., PIERRON, J., and WALKER, S.J.

PER CURIAM: Darryl L. Lewis filed a K.S.A. 60-1501 petition challenging his disciplinary violation for undue familiarity following a prison disciplinary hearing. The district court summarily dismissed the petition finding that Lewis had failed to allege a violation of a protected liberty interest. Lewis appeals, arguing he lost the opportunity to be awarded good time credit. Because the withholding of good time credit violates no protected liberty interest, we affirm.

The Lansing Correctional Facility issued a disciplinary report to Lewis for violating K.A.R. 44-12-328, undue familiarity, a class I violation. According to the report, Lewis asked Danielle Hunter, a writer facilitating a Batterer Intervention Program (BIP), to review a chapter of a book he was writing. Hunter provided Lewis with some written feedback on his work. Lewis later gave Hunter some more of his writing along with a handwritten letter and a "form-9." In the form-9, Lewis had written Hunter's middle initial and called her "Starfish," apparently referring to a starfish tattoo she had on her foot. Hunter did not know how Lewis knew her middle initial. Hunter also reported that the handwritten letter contained sexually suggestive comments that made her uncomfortable.

At the hearing, the hearing officer denied two of Lewis' witness requests. Lewis had asked to have Frederick Morrisette, another inmate, testify that Morrisette gave Hunter the chapter of Lewis' book for review. The hearing officer denied this request, finding the inmate's testimony was irrelevant. Lewis also requested that Stephanie Russo, co-facilitator of the BIP, testify about the familiarity of the group and to establish a timeline of events. The hearing officer denied this request. He explained that Lewis had admitted at the hearing that all written communication came from him, and he intended it for Hunter.

The disciplinary report was read into the record at the hearing. Hunter testified about what had happened and Lewis cross-examined her. Both parties provided closing statements. The hearing officer found it was more likely true than not that Lewis had violated K.A.R. 44-12-328. Following the hearing, the warden upheld the violation. Lewis appealed the decision to the Secretary of Corrections, and the Secretary also upheld the decision.

Lewis filed a petition for writ of habeas corpus under K.S.A. 2017 Supp. 60-1501 alleging (1) the disciplinary report was not filed within 48 hours of the violation as

2

required by K.A.R. 44-13-201(c); (2) the proper procedure for conducting a hearing was not followed; (3) the hearing officer did not allow Lewis to call any witnesses; (4) the hearing officer did not allow Lewis to present documentary evidence; and (5) the hearing was not impartial.

In its order denying Lewis' petition, the district court held that Lewis had not pleaded a violation of a protected liberty interest. The court noted that the only listed sanction was "V/R C/S IMP," which suggested Lewis received a verbal reprimand. The court found that inmates are entitled to review under K.S.A. 2017 Supp. 60-1501 only if they asserted a violation of a constitutionally protected liberty interest, and "[a] verbal reprimand is not the type of significant deprivations by which the State of Kansas might create a liberty interest." Because Lewis had not pleaded deprivation of a constitutionally protected liberty interest, the court summarily denied his petition. Lewis filed a motion to alter or amend judgment, which the court also denied. Lewis appeals.

Lewis alleges the district court erred in summarily dismissing his K.S.A. 60-1501 petition.

We will affirm the summary dismissal of Lewis' petition only if, "on the face of the petition, it can be established that [Lewis] is not entitled to relief, or if, from undisputed facts, or from incontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists." See *Johnson v. State*, 289 Kan. 642, 648-49, 215 P.3d 575 (2009). See also K.S.A. 2017 Supp. 60-1503(a) (Upon filing of K.S.A. 60-1501 petition, trial court must "promptly" review and "dissolve" petition where "it plainly appears from the face of the petition and any exhibits attached thereto that the plaintiff is not entitled to relief in the district court.").

To state a claim for relief under K.S.A. 2017 Supp. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature."

3

*Johnson*, 289 Kan. at 648. "[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. *Johnson*, 289 Kan. at 648-49; see K.S.A. 2017 Supp. 60-1503(a). An appellate court exercises unlimited review of a summary dismissal. *Johnson*, 289 Kan. at 649. "In reviewing a trial court's order dismissing a petition for failure to state a claim upon which relief can be granted, an appellate court is required to accept the facts alleged by the plaintiff as true." *Washington v. Roberts*, 37 Kan. App. 2d 237, 240, 152 P.3d 660 (2007).

Deciding if Lewis stated a valid claim for a violation of his procedural due process rights involves two steps. First, we must determine whether the State has deprived Lewis of life, liberty, or property. If so, then we must determine "the extent and nature of the process which is due." *Hogue v. Bruce*, 279 Kan. 848, 850-51, 113 P.3d 234 (2005).

The parties dispute whether Lewis has satisfied the first step of the analysis. The district court held that a verbal reprimand is not the type of significant deprivation that involves a constitutionally-protected liberty interest, citing *Murphy v. Nelson*, 260 Kan. 589, 921 P.2d 1225 (1996), and *Logan v. Pryor*, No. 114,974, 2016 WL 4161379 (Kan. App. 2016) (unpublished opinion). The Secretary of Corrections repeats this argument on appeal.

Lewis does not challenge the district court's finding about the verbal reprimand, thus he has waived and abandoned this specific argument. See *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011) (holding an appellant waives and abandons an issue by failing to brief it). He argues instead that he lost the opportunity for parole because of the disciplinary report. According to Lewis, he had a parole hearing about two weeks after Hunter wrote the disciplinary report and he believes the disciplinary report affected the outcome of the hearing. Lewis acknowledges that he has

no legal right to parole. See *Gilmore v. Kansas Parole Board,* 243 Kan. 173, 178-80, 756 P.2d 410 (1988) (holding statute governing parole does not create liberty interest). Nonetheless, he contends "he has lost his interest in good time credit earned because once he has seen the parole board, he can never be afforded the opportunity to receive good time credit and the good time credit he earned prior to seeing the parole board is now lost."

Nothing in the record supports Lewis' allegation that he lost the opportunity to receive good time credit. But even assuming he did, this does not violate a constitutionally protected liberty interest. Granted, a sanction that removes good time credit already earned involves a protected liberty interest. *Kesterson v. State*, 276 Kan. 732, Syl. ¶ 2, 79 P.3d 1074 (2003). Even so, Kansas law differentiates between good time credits earned and later forfeited and credits withheld. *Gilmore v. McKune*, 22 Kan. App. 2d 167, Syl. ¶ 2, 915 P.2d 779 (1995). When good time credits are withheld, they have not been earned. *In re Habeas Corpus Application of Pierpont*, 271 Kan. 620, 628, 24 P.3d 128 (2001).

Under K.A.R. 44-6-115a(c) (2017 Supp.), after the inmate's initial award of good time credits, "good time credits may be awarded at each classification review from credits available since the previous classification review." But the "[a]ward of good time credits shall be withheld on the basis of an inmate's disciplinary record." K.A.R. 44-6-115a(g) (2017 Supp.). "If a facility disciplinary hearing officer finds the inmate guilty of a class I disciplinary offense, the amount of good time withheld during the review period in which the violation occurred shall reflect the degree of injury, damage, or disruption caused by the misconduct at issue." K.A.R. 44-6-115a(g)(1) (2017 Supp.). Because the hearing officer found Lewis guilty of a class I disciplinary offense, some good time credits were presumably withheld. That said, nothing suggests that Lewis *lost* good time credits already earned. Because Lewis' good time credits would only have been withheld, he has not asserted the violation of a protected liberty interest. See *In re Pierpont*, 271

5

Kan. 620 Syl. ¶ 8; *Rojas v. Cline*, No. 116,942, 2018 WL 560210, at *2 (Kan. App. 2018) (unpublished opinion); *Snavely v. Heimgartner*, No. 115,123, 2016 WL 7031961, at *3 (Kan. App. 2016) (unpublished opinion).

Because Lewis has not asserted deprivation of a liberty interest, we do not need to address the rest of his due process argument. Still, his argument would likely not succeed. Lewis claims that the hearing officer did not allow him to present witnesses and documentary evidence on his own behalf. While due process generally requires that hearing officers allow inmates to call witnesses at a disciplinary hearing, the hearing officer has broad discretion to permit or deny an inmate's witness request and may deny a request if the officer gives a written explanation for the denial on the record. K.A.R. 44-13-101(c)(5); K.A.R. 44-13-405a; See *Hogue*, 279 Kan. at 852. Here, Lewis' hearing officer explained why he denied Lewis' witness requests in the record of the hearing.

Inmates are also entitled to present documentary evidence. K.A.R. 14-13-101(c)(3). Lewis contends the hearing officer did not allow him to present several pieces of evidence including "[a] photograph of members of the BIP group with a facilitator of the group hugging an inmate to show the openness in the group" and "[a]n apology letter that is a requirement to graduate from BIP group that was written by [Lewis] in the same tone as the document that [Hunter] deems inappropriate." Assuming that Lewis' allegations are true, any error would have been harmless. See *Sauls v. McKune*, 45 Kan. App. 2d 915, 921, 260 P.3d 95 (2011) (finding violation of inmate's due process rights harmless error if no reasonable probability of changing outcome of disciplinary hearing). Lewis admitted to writing a sexually suggestive letter to Hunter. Even considering his proposed evidence, it was still more likely true than not that he committed undue familiarity. Consequently, there is no reasonable possibility of a different outcome.

Finally, Lewis argues that even if he has not alleged deprivation of a liberty interest, summary dismissal was still inappropriate because he alleged shocking and

6

intolerable conduct. He cites a Kansas Supreme Court ruling that a government agency may not violate its own rules and that such violations render the agency's order unlawful. *Kansas Commission on Civil Rights v. City of Topeka Street Department*, 212 Kan. 398, Syl. ¶ 1, 511 P.2d 253, *cert. denied* 414 U.S. 1066 (1973). He argues the hearing officer violated several rules governing the disciplinary process, and this conduct is shocking enough to require an evidentiary hearing.

Other than the issue about documentary evidence, Lewis identifies only one clear rule violation. Under K.A.R. 44-13-201(c), a reporting officer must write a disciplinary report within 48 hours of an offense. Lewis' offense occurred on June 3, 2016, but Hunter did not write the report until June 15, 2016, 12 days later. As another panel of this court has found, however, inmates in prison disciplinary proceedings have limited due process rights, and the failure to comply with certain regulatory time limitations for the disciplinary process does not violate those rights. *Logan*, 2016 WL 4161379, at *2-3. Thus, Lewis' allegations do not rise to the level of shocking and intolerable conduct requiring an evidentiary hearing.

Affirmed.