NOT DESIGNATED FOR PUBLICATION

No. 124,046

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TIMOTHY TOWNE,
on Behalf of Himself and All Others Similarly Situated,
*Appellant/Cross-Appellee*,

v.

UNIFIED SCHOOL DISTRICT NO. 259, d/b/a THE WICHITA PUBLIC SCHOOLS and UNIFIED
SCHOOL DISTRICT NO. 259, d/b/a THE WICHITA PUBLIC SCHOOLS BASE PLAN,
*Appellees/Cross-Appellants*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Opinion filed October 21,
2022. Affirmed.

*Troy H. Gott*, Brennan Gott Law, PA, of Wichita, for appellant/cross-appellee.

*Ryan K. Meyer, William P. Tretbar,* and *Lyndon W. Vix*, of Fleeson, Gooing, Coulson & Kitch,
L.L.C., of Wichita, for appellees/cross-appellants.

Before SCHROEDER, P.J., MALONE, J., and TIMOTHY G. LAHEY, S.J.

PER CURIAM: Timothy Towne is a Unified School District No. 259 (U.S.D. No.
259) employee who received medical benefits under the Unified School District No. 259
d/b/a the Wichita Public Schools Base Plan (Base Plan). Towne sued the person who
caused his medical expenses and the case settled. U.S.D. No. 259 requested
reimbursement from the settlement for the medical benefits it paid to Towne. Towne
reimbursed the benefits to U.S.D. No. 259 to avoid his employer from taking legal action
against him. Towne then filed this lawsuit alleging that U.S.D. No. 259 breached the

1

contract (the Base Plan) by enforcing its reimbursement rights. Towne asserted that K.A.R. 40-1-20 prohibits health insurers from including subrogation clauses in their insurance contracts and that U.S.D. No. 259 qualified as a health insurer. U.S.D. No. 259 moved to dismiss and argued that (1) the district court lacked subject matter jurisdiction over Towne's lawsuit, and (2) U.S.D. No. 259's Base Plan was exempt from regulation under the Kansas Insurance Code by K.S.A. 40-202(b). The district court rejected the subject matter jurisdiction claim but granted the motion to dismiss on its merits. Towne appeals the district court's dismissal of his lawsuit for failure to state a claim upon which relief can be granted, and U.S.D. No. 259 cross-appeals the district court's ruling on subject matter jurisdiction. For the reasons stated in this opinion, we affirm the district court's judgment on both issues.

FACTUAL AND PROCEDURAL BACKGROUND

Towne has been employed as a custodian by U.S.D. No. 259 since 2016. As an employment benefit, U.S.D. No. 259 sponsors and administers a medical plan (the Base Plan) for its employees and their immediate family members. After Towne suffered injury in an automobile collision in August 2018, the Base Plan paid him benefits for medical treatment he received. Towne brought a tort claim against the person who injured him, which led to a settlement. U.S.D. No. 259 sought $1,705.20 in reimbursement from the settlement, which reflected the amount the Base Plan paid to Towne for his injuries.

U.S.D. No. 259's claim for repayment hinged on a provision in the Base Plan regarding subrogation, third-party recovery, and reimbursement. This provision states that where a third party is responsible for injuries paid for by the Base Plan and the party covered by the Base Plan receives a settlement from the third party, then the covered party must reimburse any benefits paid by the Base Plan. Towne made the payment to avoid U.S.D. No. 259 from taking legal action against him. He then filed a class action petition against U.S.D. No. 259 for breach of contract (the Base Plan).

2

Review of the relevant statutes, regulations, and caselaw as well as the parties' arguments will help understand the issues before the district court. School districts can "act as a self-insurer to provide health care services" for employees. K.S.A. 72-1891. One question raised here is whether a self-insured school district constitutes a "health insurer." This is because since 2013 K.A.R. 40-1-20 prohibits a health insurer, as defined in K.S.A. 40-4602, from "issu[ing] any contract or certificate of insurance in Kansas containing a subrogation clause, or any other policy provision having a purpose or effect similar to that of a subrogation clause, applicable to coverages providing for reimbursement of medical, surgical, hospital, or funeral expenses." K.A.R. 40-1-20 (2021 Supp.).

As used in K.A.R. 40-1-20 (2021 Supp.), a "health insurer" is "any insurance company, nonprofit medical and hospital service corporation, municipal group-funded pool, fraternal benefit society, health maintenance organization, or any other entity which offers a health benefit plan subject to the Kansas Statutes Annotated." K.S.A. 40-4602(d). The parties agreed that self-insured school districts like U.S.D. No. 259 were not specifically enumerated in the statute, so the question was whether they fall under the umbrella language of offering a health benefit plan. A health benefit plan is defined as

> "any hospital or medical expense policy, health, hospital or medical service corporation contract, a plan provided by a municipal group-funded pool, a policy or agreement entered into by a health insurer or a health maintenance organization contract offered by an employer or any certificate issued under any such policies, contracts or plans. 'Health benefit plan' does not include policies or certificates covering only accident, credit, dental, disability income, long-term care, hospital indemnity, medicare supplement, specified disease, vision care, coverage issued as a supplement to liability insurance, insurance arising out of a workers compensation or similar law, automobile medical-payment insurance, or insurance under which benefits are payable with or without regard to fault and which is statutorily required to be contained in any liability insurance policy or equivalent self-insurance." K.S.A. 40-4602(c).

Towne's petition alleged that U.S.D. No. 259 was a "health insurer" as defined in K.S.A. 40-4602(d) and thus prohibited by K.A.R. 40-1-20 from enforcing its subrogation clause. Towne sought class action certification under K.S.A. 60-223(a), (b)(2) and (b)(3). U.S.D. No. 259 moved to dismiss on two grounds: (1) The district court lacked subject matter jurisdiction over Towne's purported breach of contract claim, and (2) Towne's petition failed to state a claim upon which relief can be granted.

As for subject matter jurisdiction, U.S.D. No. 259 noted that Towne's breach of contract claim depended on the assertion that U.S.D. No. 259 violated K.A.R. 40-1-20 by enforcing its contract. U.S.D. No. 259 asserted that because it was following the contract by requesting reimbursement for the medical benefits it paid to Towne, it could not have breached the contract. U.S.D. No. 259 claimed that while Towne styled his claim as one for breach of contract, he was really "attempting to assert a private right of action based on an alleged violation of K.A.R. 40-1-20 when no such right exists." U.S.D. No. 259 cited *Jahnke v. Blue Cross and Blue Shield of Kansas*, 51 Kan. App. 2d 678, 353 P.3d 455 (2015), to support its proposition that a court is without subject matter jurisdiction to hear a breach of contract claim based on an insurance policy provision violating the law.

As for dismissal for failure to state a claim, U.S.D. No. 259 asserted that K.S.A. 40-202 exempted the Base Plan from regulation by the Kansas Insurance Department and thus K.A.R. 40-1-20 did not apply. K.S.A. 40-202 is found in Article 2 (General Provisions) of Chapter 40 (Insurance) of the Kansas statutes. It states that nothing in the insurance code shall apply to certain lodges, societies, persons, and associations, including "the employees of a particular person, firm, or corporation." K.S.A. 40-202(b).

U.S.D. No. 259 cited *U.S.D. No. 259 v. Sloan*, 19 Kan. App. 2d 445, 871 P.2d 861 (1994), to support its claim that K.S.A. 40-202 exempted the Base Plan from regulation. *Sloan* had almost identical facts and involved the same reimbursement provision as in Towne's case. In *Sloan*, U.S.D. No. 259 paid $32,570 in medical benefits to its employee

4

under its self-funded plan. The employee died, but his wife Sharon Sloan received a $427,500 settlement from various chemical manufacturers. U.S.D. No. 259 asked Sloan to reimburse it from the settlement for benefits it paid the employee. Sloan refused, and U.S.D. No. 259 sued for breach of the insurance contract. The district court granted summary judgment to U.S.D. No. 259 after finding that its self-funded plan was not subject to regulation by the Kansas Insurance Department.

On appeal, this court affirmed the district court's decision. Most of the opinion centered on a separate issue—whether U.S.D. No. 259 could recoup its payments from the settlement when the settlement was silent on how much of it was allocated for medical expenses. 19 Kan. App. 2d at 447-54. At the end of the opinion, this court addressed Sloan's argument that U.S.D. No. 259 was precluded from enforcing the reimbursement provision because doing so would violate public policy and K.A.R. 40-1-20. The court found that the regulation did not apply to U.S.D. No. 259 and its self-funded plan because the plan was exempt from regulation under the insurance code under K.S.A. 40-202. The court reasoned that U.S.D. No. 259 only offered the plan to its employees and K.S.A. 40-202 exempted "'the employees of a particular person, firm, or corporation.'" 19 Kan. App. 2d at 454. In support, the court cited a letter from the chief attorney for the Kansas Insurance Department in which he said that U.S.D. No. 259's single employer self-funded plan was exempt from the department's jurisdiction. 19 Kan. App. 2d at 454.

In response to the motion to dismiss, Towne argued the district court had subject matter jurisdiction to address his breach of contract claim. As for this court's ruling in *Sloan*, Towne argued it no longer applied because when the case was decided, K.A.R. 40-1-20 did not include the reference to "health insurer[s]" as defined in K.S.A. 40-4602(d). It only applied to "insurance companies." See 19 Kan. App. 2d at 454. It was not until 1997 that the Kansas Legislature passed the Patient Protection Act, K.S.A. 40-4601 et seq., which included K.S.A. 40-4602(d), defining "health insurer" to include an entity

5

which offers a health benefit plan. L. 1997, ch. 190, § 17. In 2013, K.A.R. 40-1-20 was amended to state that it applied to "health insurer[s]" as defined in K.S.A. 40-4602(d). Thus, Towne argued that K.A.R. 40-1-20—the anti-subrogation regulation—now applied to the Base Plan even though the regulation did not apply when this court decided *Sloan*.

The district court rejected U.S.D. No. 259's subject matter jurisdiction argument. As for the merits of the case, the district court granted the motion to dismiss for failure to state a claim upon which relief can be granted on two alternative grounds: (1) U.S.D. No. 259 is not a health insurer as defined in K.S.A. 40-4602(d) and thus K.A.R. 40-1-20 does not apply to the Base Plan, and (2) *Sloan* is still good law and K.S.A. 40-202 exempts the Base Plan from regulation under the insurance code including K.A.R. 40-1-20. Towne moved the district court to reconsider the dismissal, but the court denied that motion. Towne appealed. U.S.D. No. 259 cross-appealed on the issue of subject matter jurisdiction.

## DID THE DISTRICT COURT LACK SUBJECT MATTER JURISDICTION OVER THE CLAIM IN TOWNE'S PETITION?

U.S.D. No. 259 raises a threshold question in its cross-appeal: whether the district court had subject matter jurisdiction over the breach of contract claim in Towne's petition. Although Towne called his claim a breach of contract claim, U.S.D. No. 259 argues that it is actually an attempt to assert a private right of action based on an alleged violation of K.A.R. 40-1-20 where no right exists. U.S.D. No. 259 notes that it was adhering to, not breaching, the Base Plan when it sought reimbursement. As in the district court, U.S.D. No. 259 cites *Jahnke* in support of its argument.

Towne argues that the district court had subject matter jurisdiction to address his breach of contract claim. He asserts that *Sloan* established that the court has subject

6

matter jurisdiction in breach of contract claims concerning self-insured health care plans offered by a school district.

The district court rejected U.S.D. No. 259's subject matter jurisdiction argument. It found *Jahnke* distinguishable because the pleadings in that case did not allege a breach of contract claim and the court did not address lack of subject matter jurisdiction over a claim that was not pleaded. The district court noted that *Sloan* involved a breach of contract claim in U.S.D. No. 259's subrogation provision and showed that such a claim was "legally possible." The district court acknowledged that in *Sloan* the breach of contract claim was brought by U.S.D. No. 259 after Sloan refused to reimburse U.S.D. No. 259 under the Base Plan and that Sloan raised K.A.R. 40-1-20 as a defense. But the district court did not think Towne's payment of U.S.D. No. 259's demand, which he alleged he made under threat of lawsuit, foreclosed him from bringing a breach of contract claim against U.S.D. No. 259.

"Subject matter jurisdiction is vested by statute and establishes the court's authority to hear and decide a particular type of action." *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, 395, 204 P.3d 562 (2009). Kansas law provides a district court with "general original jurisdiction of all matters, both civil and criminal, unless otherwise provided by law . . . ." K.S.A. 20-301. This court exercises unlimited review over whether subject matter jurisdiction exists. *Kingsley*, 288 Kan. at 395.

If a statute requires that violations can be enforced only by a governmental entity, like the Kansas Insurance Department, then a private right of action for enforcement does not exist. *Jahnke*, 51 Kan. App. 2d at 687-88. There is no dispute that a private right of action for breach of contract exists and a private right of action to enforce K.A.R. 40-1-20 does not exist. The question is whether Towne's claim can proceed as a breach of contract claim or whether it is a disguised attempt at private enforcement of K.A.R. 40-1-20.

7

The analysis begins with *Jahnke*. There, Samuel Jahnke sued Blue Cross and Blue Shield of Kansas, Inc. (BCBS) after the insurance company failed to pay medical bills for Jahnke's brain tumor surgery. The BCBS policy provided it would not pay benefits for tumors until a 240-day waiting period had passed, and Jahnke's surgery occurred 11 days before the waiting period expired. Jahnke's petition alleged that the BCBS policy violated K.S.A. 40-2209f(f), prohibiting small employers from having a waiting period longer than 90 days. The district court granted summary judgment to Jahnke and his estate on the claim. On appeal, BCBS raised the issue of whether the district court had subject matter jurisdiction over Jahnke's claim that the policy violated K.S.A. 40-2209f(f). BCBS argued that the statute could be enforced only by the Commissioner of Insurance. Jahnke responded that it was a simple breach of contract action. No pretrial order was entered, so this court examined the pleadings to determine whether Jahnke stated a claim for breach of contract.

This court rejected Jahnke's argument that the claim was one for breach of contract. This court observed that the pleadings did not allege breach of contract, only violation of a statute. Throughout multiple evidentiary hearings in federal and state court, Jahnke's sole claim was that BCBS violated Kansas law. The parties submitted the issue to the district court on cross-motions for summary judgment "on the sole legal theory that the policy breached the statute, not that BCBS breached the policy." 51 Kan. App. 2d at 685. Looking at the substance of Jahnke's claim, this court found that no breach of contract was "apparent from the facts, as the 240-day waiting period for tumors was clearly disclosed and unambiguously stated in the policy, and Jahnke's treatment for his tumor indisputably fell within that 240-day period." 51 Kan. App. 2d at 685.

We agree with the district court that *Jahnke* is distinguishable from Towne's case. In *Jahnke*, this court emphasized that the plaintiff had alleged no breach of contract claim. Towne is clearly making a breach of contract claim and, in fact, the only claim brought in Towne's petition is for breach of contract. U.S.D. No. 259 argues that Towne

8

failed to make a breach of contract claim because "Towne's claim is based on the fact that U.S.D. *enforced* a contractual right, not that it breached the contract." U.S.D. No. 259 argues that the only way for the district court to have jurisdiction over Towne's claim would be if Towne had refused U.S.D. No. 259's reimbursement request and U.S.D. No. 259 had brought a breach of contract claim against Towne.

Subject matter jurisdiction refers to the power of a court to hear and decide a particular type of action. *Kingsley*, 288 Kan. at 395. "Which party should win a lawsuit is an altogether different question from that of whether the court has the power to say who wins." *Frazier v. Goudschaal*, 296 Kan. 730, 743, 295 P.3d 542 (2013). We reject U.S.D. No. 259's assertion that it could sue Towne for breach of contract had he refused the reimbursement request, but Towne cannot sue U.S.D. No. 259 for breach of the same contract. Towne alleged that U.S.D. No. 259 breached the contract (the Base Plan) by enforcing its reimbursement rights in violation of the insurance code and applicable regulations. We agree the district court properly found that it had subject matter jurisdiction over Towne's breach of contract claim.

DOES K.S.A. 40-202 EXEMPT U.S.D. NO. 259'S BASE PLAN
FROM REGULATION BY THE KANSAS INSURANCE DEPARTMENT?

Turning to the merits of the case, the district court granted the motion to dismiss on two alternate grounds: (1) U.S.D. No. 259 is not a health insurer as defined in K.S.A. 40-4602(d) and thus K.A.R. 40-1-20 does not apply to the Base Plan, and (2) *Sloan* is still good law and K.S.A. 40-202 exempts the Base Plan from regulation under the insurance code including K.A.R. 40-1-20. We will address those two reasons in reverse order.

The district court found that *Sloan* is still good law and K.S.A. 40-202 exempts the Base Plan from regulation under the insurance code including K.A.R. 40-1-20. Towne does not argue that *Sloan* was wrongly decided, but he asserts that the decision is no

longer dispositive of this case because of the later passage of the Patient Protection Act defining a health insurer as an entity which offers a health benefit plan and the amendment to K.A.R. 40-1-20 making the regulation applicable to health insurers.

"Whether a district court erred by granting a motion to dismiss for failure to state a claim is a question of law subject to unlimited review." *Jayhawk Racing Properties v. City of Topeka*, 313 Kan. 149, 154, 484 P.3d 250 (2021). The appellate court will view the well-pleaded facts in a light most favorable to the plaintiff and assume as true those facts and any inferences reasonably drawn from them. If those facts and inferences state any claim upon which relief can be granted, then dismissal is improper. Dismissal is proper only when the allegations in the petition show the plaintiff does not have a claim. *Kudlacik v. Johnny's Shawnee, Inc.*, 309 Kan. 788, 790, 440 P.3d 576 (2019); K.S.A. 2021 Supp. 60-212(b)(6).

Chapter 40 of the Kansas Statutes Annotated governs insurance. Article 1 (Insurance Department) of Chapter 40 states that the act "shall be known as the insurance code of the state of Kansas." K.S.A. 40-101. Article 2 contains general provisions, including a provision rendering the code inapplicable to certain lodges, societies, persons, and associations. More specifically, K.S.A. 40-202(b) states that nothing in the Kansas Insurance Code applies to "the employees of a particular person, firm, or corporation." In *Sloan*, this court held that U.S.D. No. 259's self-funded group health plan fell under this exemption. 19 Kan. App. 2d at 454. Applying *Sloan*, the district court concluded that U.S.D. No. 259's Base Plan remains exempt from regulation under the insurance code and that amendments to the code and its regulations did not alter this conclusion.

Towne focuses on the Kansas Legislature's 1997 passage of the Patient Protection Act, codified at K.S.A. 40-4601 et seq. Under K.S.A. 40-4602(d), a "health insurer" is defined to include "any other entity which offers a health benefit plan subject to the Kansas Statutes Annotated." Towne argues that the Patient Protection Act was remedial

10

legislation that should be liberally construed to "stop all, not some, Kansas insurers from engaging in abusive practices." According to Towne, U.S.D. No. 259 is a "health insurer" under K.S.A. 40-4602(d) because its Base Plan qualifies as a health benefit plan defined at K.S.A. 40-4602(c)—an argument that the district court rejected. But if we assume that U.S.D. No. 259 is a "health insurer" under K.S.A. 40-4602(d), Towne points out the K.A.R. 40-1-20—the anti-subrogation regulation—was amended in 2013 to apply to "health insurer[s]" as defined in K.S.A. 40-4602(d). Because of these later developments in Kansas law, Towne asserts that *Sloan* is no longer dispositive and U.S.D. No. 259 breached the Base Plan and requested subrogation in violation of K.A.R. 40-1-20.

Even if this court assumes that everything Towne says is correct and that U.S.D. No. 259 is a "health insurer" under K.S.A. 40-4602, that does not change the fact that K.S.A. 40-202 exempts U.S.D. No. 259's Base Plan from the insurance code. Towne argues that K.S.A. 40-4602 acts as a specific exception to the general rule established by K.S.A. 40-202(b). The rules of statutory construction direct that "[w]hen two statutes are in conflict, the more specific statute governs." *In re Tax Application of Mental Health Ass'n of Heartland*, 289 Kan. 1209, Syl. ¶ 1, 221 P.3d 580 (2009). Towne asserts that K.S.A. 40-202 and K.S.A. 40-4602 conflict so K.S.A. 40-4602 must govern as the more specific statute.

The problem with Towne's argument is that K.S.A. 40-202 and K.S.A. 40-4602 do not conflict. The Patient Protection Act was enacted in 1997, and the Legislature knew that K.S.A. 40-202 exempted certain entities from the insurance code. If the Legislature had intended to subject the entities exempted under K.S.A. 40-202 to the provisions of the Patient Protection Act, it needed to expressly do so. See *Early Detection Center, Inc. v. Wilson*, 248 Kan. 869, 874, 811 P.2d 860 (1991) ("All statutes are presumed to be enacted with full knowledge of the existing condition of the law and with reference to it."). But there is no language in the Patient Protection Act that alters the exemption

11

provisions of K.S.A. 40-202. Thus, even if U.S.D. No. 259 is a health insurer as defined in K.S.A. 40-4602, that does not mean it lost its exemption under K.S.A. 40-202.

Towne also argues that the 2013 amendment expanding K.A.R. 40-1-20 means that *Sloan*'s analysis is no longer dispositive. When *Sloan* was decided, K.A.R. 40-1-20 only applied to an "insurance company" and not to a "health insurer, as defined in K.S.A. 40-4602." Towne says that the *Sloan* court refused to apply the regulation because U.S.D. No. 259 is not an insurance company. Because the regulation has been amended to include health insurers, and according to Towne U.S.D. No. 259 is a health insurer, Towne argues that the *Sloan* decision "has no application to the present issue."

This argument mischaracterizes the *Sloan* decision. *Sloan* did not base its decision on the language in K.A.R. 40-1-20. It relied on the language of K.S.A. 40-202 to determine that U.S.D. No. 259 is exempt from application of the insurance code. The language of K.S.A. 40-202 has not changed since this court decided *Sloan*. "[A]n administrative regulation may not contravene or nullify a controlling statutory enactment." *Kansas Commission on Civil Rights v. City of Topeka Street Department*, 212 Kan. 398, 401, 511 P.2d 253 (1973). Thus, no amendment to K.A.R. 40-1-20 could override the legislative directive in K.S.A. 40-202(b), as interpreted by *Sloan*, that U.S.D. No. 259's Base Plan is exempt from regulation under the insurance code. We agree with the district court that the 2013 amendment to K.A.R. 40-1-20 does not overrule this court's holding in *Sloan*.

Towne argues that if the district court's ruling is allowed to stand, "then any employer who self-insures its vehicle fleet would be exempted from the Kansas Insurance Code, because Article 31 [Kansas Automobile Injury Reparations Act] makes no reference to K.S.A. 40-202(b), so Article 31 would not apply to a single employer's self-insured vehicle fleet." But an employer's decision to insure its vehicle fleet would not fall

under the exemption at K.S.A. 40-202(b) because vehicles are not employees of a particular person, firm, or corporation, so this argument misses the mark.

Finally, Towne argues that K.S.A. 40-202(b) was enacted long before U.S.D. No. 259 began offering the Base Plan and the statute was never intended to apply to the plan. He cites no caselaw that an insurance statute does not apply to insurance coverage issued after the enactment of the statute. Statutes typically operate prospectively. See *Norris v. Kansas Employment Security Bd. of Review*, 303 Kan. 834, 841, 367 P.3d 1252 (2016). Even if K.S.A. 40-202 was not enacted with the Base Plan in mind, that does not mean the Base Plan is not exempted from the insurance code by K.S.A. 40-202.

Twenty-eight years have passed since this court decided *Sloan*. Not only did this court decide generally in *Sloan* that a school district's self-funded group health plan for employees is exempt from regulation under the insurance code, but the court specifically addressed U.S.D. No. 259's plan and held it was exempt from the jurisdiction and regulation of the Kansas Insurance Department. The doctrine of stare decisis provides that "points of law established by a court are generally followed by the same court and courts of lower rank in later cases in which the same legal issue is raised." *Hoesli v. Triplett, Inc.*, 303 Kan. 358, 362-63, 361 P.3d 504 (2015). Moreover, the Kansas Legislature has not tried to amend K.S.A. 40-202 to avoid the holding in *Sloan*, which is another indicator that the Legislature has agreed with the judicial construction of the statute. See *Hall v. Dillon Companies, Inc.*, 286 Kan. 777, 785, 189 P.3d 508 (2008).

We agree with the district court that there have been no later developments in Kansas law that overrule the court's explicit holding in *Sloan* that U.S.D. No. 259's Base Plan is exempt from regulation under the insurance code under K.S.A. 40-202(b). Based on this ruling, we need not address the district court's alternative finding that U.S.D. No. 259 is not a health insurer as defined in K.S.A. 40-4602(d). Thus, we conclude the district court did not err in granting U.S.D. No. 259's motion to dismiss for failure to state a

claim upon which relief can be granted. See *Gannon v. State*, 302 Kan. 739, 744, 357 P.3d 873 (2015) (finding district court's decision will be upheld if correct for any reason).

Affirmed.